## PETER RINGHOUSE

*v.*

## MARIA KEENER.

1.  LIMITATIONS—*mesne profits.*  All rents and profits which accrued more than five years before the filing of suggestions claiming *mesne* profits, are barred by the statute of limitations.

2.  SAME—*plea.*  In a proceeding to recover *mesne* profits under the statute, a plea that the cause of action in the several counts mentioned did not accrue to the plaintiff at any time within five years next before the commencement of the suit, was held good on demurrer.

3.  MESNE PROFITS—*new suit.*  A proceeding to recover *mesne* profits under the statute, after a recovery in ejectment, is substantially a new suit, and not a continuation of the action of ejectment.  In it there is required a new service, new declaration, pleadings, trial and judgment.  Its commencement is the filing of suggestions, and all pleas should be framed in that view.

4.  The plaintiff is not restricted to a recovery of rents accruing before the commencement of the suit in ejectment, but may recover for the rents and profits up to the time of filing his suggestions, if the defendant continues in possession.

5.  SET-OFF TO MESNE PROFITS—*limitation.*  The right to set off the value of improvements placed upon the land more than five years before the commencement of the proceeding as against rents and profits, is barred by the statute of limitations when relied on.  The statute must operate alike upon the claims of both parties.

6. SAME—*taxes.* Taxes paid by the tenant while in the possession of the land, is a just and proper set-off to the rents and profits for which he is chargeable.

7. SAME—*evidence.* In a proceeding to recover *mesne* profits, commenced January 27, 1871, the defendants offered to prove, as a set-off, the worth of keeping the fences in repair from November 12, 1862, to March 8, 1870, the date of the recovery in ejectment, which the court refused to allow: *Held,* that the court decided correctly, for two reasons: first, because there was no proof that the fences needed repairs, or that any were made; and secondly, because, at common law, a trespasser in possession is not allowed to recover for repairs or improvements, and our statute only allows improvements to be recouped from the rents and profits.

8. SAME—*what improvements.* In the same case, the defendant offered to prove that he broke up the land for cultivation, which the court rejected: *Held,* no error, because there was nothing to show but that it was in the usual course of husbandry. If it had been shown that it was raw prairie and useless for farming purposes the year it was broken, then it would have been an improvement for which a fair price should be allowed if done within the five years for which he was liable to pay rents and profits. If the prairie was of such a character as only to require it to be plowed to bring it into immediate cultivation, then nothing should be allowed for such breaking.

9. MESNE PROFITS—*vacant land reduced to cultivation.* Where a party has taken possession of vacant land and reduced it to cultivation, he will not be excused from the payment of rents after a recovery in ejectment against him. In such case, the jury should allow, as damages, the reasonable value of the premises, as though it had been vacant at the commencement of five years before the filing of the suggestions, and had been leased for that term, with the obligation on the lessee to make the improvement. The defendant should not be required to pay for the use of improvements made by him within the period of limitation.

10. PLEADING—*practice—two pleas of same matter.* Where two pleas are filed, presenting the same defense in substance, on motion, the court may require the defendant to elect on which he will proceed, and strike the other from the files. But such objection does not affect their substance or form, or render them obnoxious to a demurrer.

APPEAL from the Circuit Court of Mason county; the Hon. CHARLES TURNER, Judge, presiding.

Messrs. LACEY & WALLACE, for the appellant.

Mr. JOHN W. PITMAN, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

An action of ejectment was commenced by appellee in the Mason circuit court, against appellant, for the recovery of 120 acres of land. The action was brought to the November term, 1867, and a recovery was had at the March term, 1870, and suggestions, claiming *mesne* profits, were filed on the 27th day of January, 1871, and within one year after recovering the final judgment. Appellant filed a number of pleas, and issues were joined on all but the second and third, to which a demurrer was sustained. A trial was had, resulting in favor of plaintiff below, from which this appeal is prosecuted.

It is urged that the court below erred in sustaining the demurrer to defendant's second and third pleas; in admitting improper evidence; in rejecting proper evidence, and in refusing to give instructions asked by appellant.

The second and third pleas, to which a demurrer was sustained, were as follows:

"And for a further plea in this behalf, as to all causes of action in the said several counts of said plaintiff's declaration, accruing to said plaintiff prior to the 27th day of January, A. D. 1866, the said defendant says that the said plaintiff ought not to have or maintain the same against him, because he says that the said causes of action, and each and every one of them, did not, at any time within five years next before the commencement of this suit, accrue to the plaintiff, and this the defendant is ready to verify, wherefore he prays judgment if the plaintiff, her action or the cause of action accruing before the said 27th day of January, A. D. 1866, aforesaid thereof against him, ought to have or maintain, etc."

"And for a further plea in this behalf, defendant says that the said plaintiff ought not to have or maintain her aforesaid action thereof against him, because he says that the cause of action in said counts mentioned, and each and every one of them, did not, at any time within five years next before the

commencement of this suit, accrue to said plaintiff, and this the said defendant is ready to verify, wherefore he prays judgment if the plaintiff, her action aforesaid thereof against him, ought to have or maintain, etc."

These pleas present the question as to the period at which the statute of limitations becomes a bar—whether it is five years before the commencement of the action of ejectment, five years before the rendition of the final judgment therein, or five years before the filing of the suggestions for the recovery of *mesne* profits.

By the practice in the British courts, after a recovery in an action of ejectment, the plaintiff brought an action of trespass to recover *mesne* profits. This action could only be maintained on a recovery in ejectment, and hence was grafted on or grew out of that proceeding. By an action of ejectment at the ancient common law, the plaintiff only recovered damages, and not the possession. But in the time of Henry VII, it became the practice to recover the term, and it then became a real action, and only nominal damages were recovered. *Goodtitle* v. *Tombs*, 3 Wils. 118 ; 2 Sellons' Prac. 37. To the action for *mesne* profits, the defendant might plead the statute of limitations—that the action did not accrue within six years before the suit was brought. 2 Sellons' Prac. 144 ; Buller's Nisi Pri. 88. The rules governing the action seem to have been the same as in any other action of trespass *quare clausum fregit*. In the case of *Goodtitle* v. *Tombs, supra,* it was held that the jury are not confined to the *mesne* profits only, but may allow the plaintiff damages for his trouble, etc.

In Buller's Nisi Pri. 88, it is said that "the defendant may plead the statute of limitations, and by that means protect himself from all but the last six years." And the same rule is announced in Chitty's Pleading, vol. 1, p. 225, and reference is made to Buller's Nisi Prius. Thus it is seen that, under the practice in the British courts, the statute

barred a recovery of *mesne* profits accruing more than six years before such action is brought.

Does, then, our statute change the rule as to the commencement of the suit for *mesne* profits ? The thirty-seventh section of the ejectment act declares that, instead of the action of trespass for *mesne* profits, heretofore used to recover damages, the plaintiff shall, within one year after recovery of judgment in ejectment, file a suggestion of such claim, which shall be entered, with the proceedings thereon, upon the record of such judgment, or be attached thereto as a continuation of the same. At common law, the action for *mesne* profits was regularly brought as any other action of trespass, whilst our statute has changed it to assumpsit.

After a careful examination, we are unable to perceive any substantial difference between the action of trespass for *mesne* profits as it existed under the common law, and is practiced in some of our sister States, and the suggestion required by our statute. The one is trespass, the other assumpsit. In both there is a new service, a new declaration, pleadings, trial and judgment. They differ in form, but not in matter of substance. And we fail to perceive that the mere use of the language that the suggestion shall be entered with the proceedings on the record of the judgment in the ejectment, or be attached thereto as a continuance of the record of such judgment in ejectment, should change the practice. It does not declare that the suggestion shall be a part of the ejectment suit, but simply declares where and how the proceedings, arising on the suggestion, shall be recorded. It has all of the essential characteristics of a new suit, which must be commenced within one year from the recovery in the suit in ejectment. And being substantially a new suit, all pleas in bar of its maintenance should be framed with that view, and the defense of the bar of limitation should relate to and be governed by the commencement of proceedings under the suggestions. And the second plea in the series was so framed.

It is, however, urged, that this question was settled by the cases of *Harding* v. *Larkin*, 41 Ill. 413, and *Wood* v. *The Kingston Coal Co.* 48 Ill. 356 ; that, in those cases, it was held that interest could only be recovered on a breach of covenant for title for five years next preceding the recovery in ejectment or other eviction, because the action for *mesne* profits was barred in that time. What was there said was upon the supposition that the suggestion would be filed immediately on the recovery in ejectment. In those cases there was nothing to show that a suggestion was ever filed, and the presumption may be fairly indulged that the plaintiff, to avoid loss, will, as a general rule, file his suggestions as soon as he recovers the premises by judgment. What was there said was on that supposition, and can only apply to that state of facts. In this case almost a year elapsed before the suggestions were filed, which was the commencement of the suit, and all rents and profits were barred which accrued more than five years before that period. This plea was good, and the demurrer to it should have been overruled.

The third plea presents the same defense in a more general form, but in a manner substantially good as a defense of the statute. It may be, if the plaintiff had moved to strike from the files both pleas presenting the same defense, the court would have required defendant to elect under which she would proceed to trial, and have stricken the other from the files. But the fact that they presented the same defense, affected neither their substance nor form, nor did it render them obnoxious to a demurrer. It was, therefore, error to sustain the demurrer to this plea.

If the rule was adopted as presented and accepted by the fourth plea, great hardship and wrong would result in many, if not a majority of, cases in ejectment. If the suit in ejectment were brought only a short period after the wrongful entry, and that suit were to linger for years, and a recovery could only be had for rents accruing before the commencement of the suit in ejectment, the plaintiff could only recover

nominal damages, whilst the defendant had held the premises and enjoyed the profits during years of litigation. Such can not be the law. On the other hand, a plaintiff, by filing his suggestions and obtaining service immediately on the recovery of the premises, can recover rents and profits for five years ; and failing to file his suggestions for nearly one year afterwards, is his own fault, and must subject him to loss during that period unless the defendant has remained in possession after the recovery, which might be computed as a part of the five years. If, in this case, appellant remained in possession after the judgment in ejectment, he would also be liable for rents during that time as a part of the five years.

Appellant offered, but the court refused to permit him, to prove the worth of keeping the fences in repair from the 12th day of November, 1862, until the 8th of March, 1870, the last being the date of the recovery in ejectment. The court decided correctly, for two reasons : first, there was no evidence that the fences needed repairs, or if they did, that any repairs were made. In the next place, appellant was in as a trespasser, and not by any legal right, and the rule is familiar that a trespasser can not be allowed for improvements or repairs at the common law, and our statute only allows improvements to be recouped from the rents and profits.

As to all improvements placed on the land more than five years before the suggestions were filed, the right to set them off was barred by the statute of limitations. The statute must, when relied upon by the parties, operate alike with both. Nor does there appear to be any hardship produced by the operation of the rule in this case. As appellant has enjoyed the use of the land from five to seven years previous to the time he is liable to account for rents and profits, he has, no doubt, within that time, been amply compensated for all of the improvements he made, whether in fencing or in breaking new prairie.

Appellant offered to prove that he broke up the land for cultivation, but the court rejected the evidence. In this there

was no error, because there is nothing to show that it was not in the usual course of husbandry. If it had been shown that it was raw prairie, and would have been useless for farming purposes during the year it was broken, then it would have been an improvement for which he would be entitled to recover a fair price, if it was done within the five years he is liable for rents and profits, but appellant should not be required to pay for the use of such improvements made within that period. If, however, the prairie was of such a character as only to require it to be plowed so as to bring it into immediate cultivation, then there should be nothing allowed for such breaking, and he would be liable to rents for that portion as though it had been previously reduced to cultivation.

Appellant offered to prove, as a set-off, the amount of taxes paid by him on the land whilst occupied by him, but the evidence was excluded by the court. As the action is given to enable the owner of the soil to have a fair and just compensation for the use of the land, such rules should be adopted as are best calculated to attain that end. Here, appellant proposed to prove the payment of a large sum with which the land stood charged, and for which it would have been sold had it not been paid. It was money paid for the use of appellee, and for the preservation of the title she holds. Then, to prevent appellant from having the taxes deducted from the rents, would enable appellee to recover more than the rents and profits derived from the use of the land. If the jury should allow the usual rents, then the question would be how much would the premises have rented for, the tenant paying the taxes, or how much if they were paid by the owner of the soil. In this way the true rental value could be ascertained, and the value of the rent would thus be reduced the amount of taxes thus paid by the defendant. It is but just and proper, in any view of the question, that taxes thus paid should be deducted from the rents and profits.

The forty-first section of the ejectment law provides that, "On such trial, the defendant shall have the same right to set

off any improvements made on the premises to the amount of the plaintiff's claim, as is now or shall hereafter be allowed by law; and in estimating the plaintiff's damages, the value of the use by the defendant of any improvements made by him shall not be allowed to the plaintiff." It is insisted that, inasmuch as the premises in this case were vacant and unimproved when appellant took possession, he should not be required to pay rent for them. Such a construction would work a great hardship and injustice. Here are premises fenced on two sides and requiring but little expense to inclose them, which may, and probably did not, from the sandy nature of the soil, require much expense to break the prairie which appellant has reduced to cultivation and used for ten or twelve years, exhausted the soil to some extent, and now claims he should not be required to pay rent for such use and occupation. Such results could not have been intended by the general assembly. The legislature can not have intended that the plaintiff should, in such a case, have no claim whatever for the use of land thus improved beyond the value of the improvements, and that claim to be satisfied by the improvements, without reference to the time the land was occupied, or the circumstances of the case. Suppose the wrong doer enters on forty acres of land, improved and under cultivation, and then improves an adjoining forty acres belonging to the same person ; and suppose the improvements are equal in value to the rent of the first forty acres for five years: would any one contend that the defendant could set off the value of the improvements against the rents of the first forty, and then insist that plaintiff should be allowed nothing for the use of the second forty during the same period ? Although this seems to be the reading of the statute, still we can not believe that the general assembly could have intended it to have such effect.

Although not very aptly expressed, we are clear that it was intended to give the plaintiff pay for the use of the soil. Where the improvements are made by the defendant, he should pay for the use of the ground itself. And in such a

case, he should pay what it would reasonably rent for without the improvements, for a term of five years next preceding the filing of the suggestions. The jury should therefore allow, as damages, the reasonable value of the premises as though they had been vacant at the commencement of five years before the suggestions were filed, and had been leased for that term, with the obligation on the lessee to make the improvements. This seems to be the only reasonable construction of this provision of the statute.

So far as the instructions depart from the rules here announced, they are erroneous.

For the errors indicated, the judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*