*W. T. Hughes*, for plaintiff in error.

*R. S. Morrison*, for defendants in error.

---

## COLORADO SPRINGS CO. *v.* COWELL.

(*Supreme Court of Colorado, December Term, 1881—Error to the District Court of Pueblo County.*)

FINAL JUDGMENT. A judgment, in case of an appeal to the Supreme Court, is not final till passed upon by the Supreme Court upon appeal, and a right of action depending upon a final judgment does not accrue, in such case, till after action on the appeal.

MESNE PROFITS—ACTION FOR WHEN PREMISES RECOVERED IN EJECTMENT. The right to recover the rents and profits by the owners, for premises wrongfully held, is not purely statutory, but exists at common law. The repeal by the Code of the ejectment statute, did not destroy the remedy for the enforcement of this right; it may be enforced by action under the Code. [King's Code, Sec. 244.]

BECK, J. The plaintiff in error filed a complaint under the Code, in the Court below, on the first day of April, 1880, for the recovery of mesne profits of a certain lot and premises in Colorado Springs, alleged to be due from the defendants. The com-

44

plaint states that an action of ejectment was instituted for the possession of the premises on the 21st day of October, 1873, resulting in a judgment for the plaintiff on the 7th day of June, 1874, from which judgment an appeal was prosecuted to the Supreme Court, and that the judgment below was affirmed about the first day of February, 1880. It also states that defendants held possession of the premises from the time the ejectment suit was instituted until the first day of March, 1880.

To this complaint a demurrer was filed, assigning for cause that it did not state facts sufficient to constitute a cause of action.

The specific defects pointed out by the demurrer were, substantially:

That the remedy for recovery of mesne profits was by suggestion in the original ejectment proceedings, and not by complaint under the Code.

That the right to institute any proceeding had expired by limitation.

That the right to maintain an action for mesne profits is purely statutory, and there is now no statute under which an action can be maintained in respect to the matters stated in the complaint.

The Court sustained the demurrer and dismissed the complaint, assigning as ground of the ruling, that the action should have been prosecuted by suggestion, within one year after the entry of judgment in the ejectment suit in the District Court, and not by complaint under the Code.

The suit for possession of the premises was instituted under Chap. XXVII, R. S., entitled "Ejectment."

Section 32 of the chapter provides that the plaintiff recovering judgment in ejectment shall be entitled to recover damages against the defendant for rents and profits of the premises recovered.

Sec. 33 provides, that "the plaintiff seeking to recover such damages, shall, within one year after the entering of the judgment, make and file a suggestion of such claim, which shall be entered with the proceedings thereon upon the record of such judgment, or be attached thereto as a continuation of the same."

Section 34 requires the suggestions to be similar in form to a declaration in assumpsit for use and occupation; requires them to be served upon the defendant in the same manner as a summons in ejectment, and prescribes the same rules of pleading as observed upon declarations in personal actions.

The ejectment suit was pending on appeal from the judgment of the Court below, on the first day of October, 1877, when the Code of Civil Procedure, which repealed the ejectment statute, went into effect.

This and all other pending actions were saved by the following proviso : " Provided, that the repeal of such acts and parts of acts, or any of them, shall not be construed to abate or affect any suit, action or proceeding, instituted or pending in any Court of this State, or other tribunal, begun prior to the first day of October, A. D. 1877, under any of the laws so repealed; but all such suits, actions or proceedings may be prosecuted to final determination under the laws so repealed.     *     *     *"

An important question raised by the demurrer, is, what *judgment* is referred to in section 33 of the ejectment statute, from which the one year shall date, within which the suggestion of claim for rents and profits must be filed?

Counsel for defendant in error contend that the judgment entered in the District Court, prior to the appeal, was the judgment alluded to, and the Court below was of the same opinion. Plaintiff's counsel insist that the final judgment in the action must necessarily have been intended, and that there was no final judgment in this instance until the judgment below was affirmed upon appeal, which was on the 30th day of January, 1880.

The view of counsel, that final judgment in cases appealed to the Supreme Court, is the judgment of affirmance, is supported by the opinion of this Court in the case of *Connor* v. *The Estate of James Connor*, 4 Colo., 74, which holds that an appeal is not a new action, but the continuance of the same suit, being only a transfer from one court to another for final hearing and judgment; also in the case of *Eicholtz* v. *Wilbur, et al., ibid*, 435, which holds that when the appeal is perfected, the cause is then pending in the appellate court.

It could not have been the design of the Legislature, in fixing the period of time from which the one year limitation should begin to run, which was to bar a recovery of rents and profits, to require a party to commence such action before it was possible for him to ascertain whether a right of action therefor existed in his favor or not.

This could only be known at the final termination of the ejectment suit.    Up to this time his right of action is accruing, but

it cannot properly be said to have accrued pending the litigation which is to determine the ownership of the premises.

It is said in *Ringhouse* v. *Keener*, 63 Ill., 230, that by the practice in the British Courts, an action of trespass for *mesne* profits could only be maintained on a recovery in ejectment, and that there was no substantial difference between the action of trespass for *mesne* profits, as it existed under the common law, and the suggestion required by the Illinois statute. The same observation is equally applicable to our ejectment statute.

Mr. Blackstone says: "The judgment in ejectment is conclusive evidence against the defendant, for all profits which have accrued since the date of the demise stated in the former declaration of the plaintiff." 3 Bl. Com., *205.

It is but reasonable to suppose that the Legislative intention was to fix a period at which the rights of the parties, with reference to the title and possession, would be adjudicated; when the plaintiff would be entitled to a writ of possession, which would close the account for rents and profits; and when the record of the recovery could be used as proof of title upon which to found the plaintiff's right to *mesne* profits.

If such was the Legislative design, as we have supposed, then the final judgment in the cause is the judgment referred to in the statute, and this in cases where appeals are taken and judgment affirmed, bears even date with the mandate of the appellate court affirming the judgment below.

The record shows that this action was commenced within two months from the entry of final judgment in the ejectment suit, hence the bar of the statute had not attached.

The remaining points raised by the demurrer will be considered together.

They are: That the right to recover *mesne* profits is purely statutory; that the Code furnishes no remedy in a case circumstanced like this, and that the concluding portion of the *proviso*, (Code, p. 163), requires the action to be brought and prosecuted under the repealed statute.

The words of the proviso referred to are: " Neither shall the repeal of any such law, or parts of law, in anywise affect, deny, abridge, divert or impair any right, action, or cause of action, accrued or arising under the laws hereby repealed; but such right, action, or cause of action, so accrued or arising, shall be

brought and prosecuted to final determination under the laws so repealed, unless the provisions of this Code give a remedy, or prescribe a mode whereby such right, action, or cause of action, may be brought and prosecuted to final determination."

If the right to recover rents and profits of real estate, was, as claimed by counsel for defendant in error, a purely statutory right, then there would be force in the position that under this proviso the remedy in the present case would be under the repealed statute, at least to the extent that the right claimed may be said to have accrued under that statute.

But, in our judgment, the premises are false, and the conclusion unsound.

The fact that a statute provides, as does the ejectment act, that a person, under certain circumstances, shall be entitled to recover damages, does not necessarily make such right a purely statutory right; that is, a right wholly dependent for recognition upon a statute, as the right to a mechanic's lien, or the right to a penalty. It may have been a right at common law; and in a State which, like ours, has adopted the common law, the proposition would be erroneous. The right in question was a right at common law, and it is doubtful if a valid law could be framed which would divest the right. Such a law would impair the obligation of contracts, which, as Mr. Sedgwick remarks, "is covered by the Ægis of the Federal charter." The construction contended for on the part of the defendant in error would have this effect.

If there is no remedy in this case under the Code, and if it be true that the action under the repealed statute should have been commenced within one year after entry of judgment below, then there is no remedy for the recovery of the rents and profits which accrued from June, 1875, to February, 1880.

Or if it be said that, under our ruling, an action under the repealed statute might have been brought within one year after the affirmance of the judgment, there would exist the difficulty that only a portion of the rents and profits accrued under the ejectment act, a portion having accrued after its repeal. The proviso only authorizes such action for the recovery of rights of action which accrued or arose under the repealed law.

In any view of the subject, therefore, the construction contended for would impair the remedy.

It has been said that, if a statute so changes the nature and extent of an existing remedy as materially to impair the rights and interests of the owner of property, it is just as much a violation of the constitutional provision, as if it directly overturned his rights and interests. Dwarris on Statutes, p. 472. *Bronson* v. *Kinzie*, 1 How., U. S., *632.

In *Green* v. *Beddle*, 8 Wheaton, *75, Justice Washington, who delivered the opinion of the Court, in treating of this subject used the following language:

"The common law of England was at that period, as it is still, the law of that State (Virginia), and we are informed by the highest authority that a right to land by that law includes the right to enter on it, when the possession is withheld from the right owner, to recover the possession by suit, to retain the possession, and to receive the issues and profits arising from it," citing *Althan's Case*, 8 Co., 299.

Again, he says: "Nothing, in short, can be more clear, upon principles of law and reason, than that a law which denies to the owner of land a remedy to recover possession of it when withheld by any person, however innocently he may have obtained it, or to recover the profits received from it by the occupant, or which clogs his recovery of such possession and profits, by conditions and restrictions tending to diminish the value and amount of the thing recovered, impairs his right to and interest in the property.     *     *     *     If the remedy afforded be qualified and restrained by conditions of any kind, the right of the owner may indeed subsist, and be acknowledged, but it is impaired and rendered insecure, according to the nature and extent of such restrictions."

The plaintiff's right to *mesne* profits, therefore, being a common law right, which has ripened into a cause of action, and in that sense may be said to have accrued since the repeal of the ejectment act, and under the Code, it must be held that he has a remedy, under the Code, for its enforcement.

It must be borne in mind that the action to recover the rents and profits of real estate wrongfully withheld from the possession of the owner, is a separate action.

It was no part of the ejectment suit under the former statute, but had all the essential characteristics of a new suit, and was, substantially, a new suit. *Ringhouse* v. *Keener, supra.*

There is, then, no remedy for the plaintiff under the repealed law, and unless the present law afford him such remedy for the enforcement of his rights, the legislation which has thus impaired his remedy is obnoxious to both the Federal and State constitutions.

But such a conclusion is warranted neither by the provisions of the Code nor the facts of the case. That it was the design of the Legislature in adopting the Code, to afford a remedy for the enforcement of every substantial right, is manifest from its several provisions, and the prescribed rule for their interpretation, that "its provisions, and all proceedings under it, shall be liberally construed, with a view to promote its object, and assist the parties in obtaining justice."

Being of opinion that its provisions are broad enough to embrace the present cause of action, the judgment below will be reversed and the cause remanded.

*Judgment reversed.*

*Wm. Harrison* and *Thatcher & Gast,* for plaintiff in error.

*G. W. Miller* and *T. T. Player,* for defendants in error.