# TAYLOR A. SNOW

## V.

# CYRUS H. McCORMICK.

*Trespass Qu. Cl.—Construction of Statute—Responsibility of Agent—Ejectment.*

1. The statutory provision abolishing, after a recovery in ejectment, the action for *mesne* profits, and substituting a suggestion in assumpsit, does not apply to an action against a party not a defendant in the ejectment suit.

2. The execution of a lease by a person acting as agent for another, authorizing the continuation of a trespass, makes the party executing such lease liable to the party entitled to the possession at the time of the commission of the trespass.

[Opinion filed January 14, 1892.]

APPEAL from the Superior Court of Cook County; the Hon. JOHN P. ALTGELD, Judge, presiding.

Mr. ROBERT B. KENDALL, for appellant.

Mr. WILLIAM T. BURGESS, for appellee.

GARY, J. This is an action of trespass *qu. cl.* by the appellee against the appellant. The record shows that on the 20th day of April, 1872, Henry H. Walker conveyed the *locus in quo* to Mary Dunn, and she then executed a trust deed in the nature of a mortgage, to secure the unpaid purchase money to John G. Rogers, then one of the judges of the Circuit Court of Cook County, whose sudden and untimely death a few years ago shocked his brethren of the profession and a large circle of loving friends. On the 4th day of April, 1885, under the power contained in the trust deed, Judge Rogers sold the premises for default in the payment of the purchase money, and conveyed them to the appellee. He sued at the April term, 1887, of the Superior Court, in ejectment, Mary

Dunn and her daughter, Ada M. Dunn. The former · dis-
claimed possession, and the suit proceeded to judgment and
execution against Ada M. Anderson, she having married *pen-
dente lite*. The suit was dismissed as to Mary Dunn.

Ada M. Dunn, afterward Anderson, was in possession of
the premises, from the 30th day of April, 1885, until dis-
possessed on the 18th day of July, 1889, by the suit in eject-
ment, under a lease from Asahel Gage to her, which lease
was executed by the appellant as agent for Gage. The exe-
cution of this lease is the only connection which the record
shows him to have had with any of the events narrated. On
the 19th day of July, 1889, this suit was commenced against
Gage and the appellant, and the verdict was against the appel-
lant only. From the judgment on that verdict this appeal is
prosecuted.

The first point made by him is that this action is for *mesne*
profits, after a recovery in ejectment, and that the statute has
abolished that action, and substituted a suggestion in assump-
sit for it. Secs. 43, 44, "Ejectment;" Harding v. Larkin, 41
Ill. 413; Ringhouse v. Kenner, 63 Ill. 230. To that point the
reply of the appellee in effect is, that this action being against
persons not defendants in the ejectment, is not governed by
the statute, which is a good reply, for the statute makes the
suggestion and the proceedings thereon a continuation of the
ejectment suit, which could only be when the damages were
claimed from the defendant therein, or from some successor
substituted in the place of the defendant, if that might be
under the statute.

When the appellee obtained possession of the premises by
the proceedings in ejectment, as to any other than the defend-
ant thereto, he was, or if he had obtained such possession by
entry only, he would have been entitled to recover in trespass,
for injury to the premises and damages by him sustained by
being kept out of them while he was entitled to the posses-
sion. Scheffel v. Weiler, 41 Ill. App. 85, where authorities are
cited. But in such action he must prove not only that the party
sued was the party guilty, but his own right of possession at the
time of the wrong done. It is true that all who authorize a
trespass are themselves trespassers, and we will not say that

the act of the appellant in executing as agent for Gage, a lease to one who actually occupied, is not such an act as charges him. Hamilton v. Hunt, 14 Ill. 472; Gilbert v. Emmons, 42 Ill. 143; Rosenkrans v. Barker, 115 Ill. 331; Davis v. Chewkirk, 5 Denio, 92; Herring v. Hoppock, 15 N. Y. 409.

Then how, as against the appellant, is the right of possession by the appellee proved? The right of possession in this case accompanied the title. There is no evidence of title from the government. The judgment in ejectment, to which he was not a party, does not *ex proprio vigore* bind him, and there is no evidence that he had notice to, or did, participate in the defense. But Mary Dunn was in possession claiming the fee. This, of itself, is evidence of a fee in her. Her title has passed to the appellee, and under it he may recover against one not showing a better. Keith v. Keith, 104 Ill. 397, and cases there cited. It is clear that at the time Ada M. Anderson took possession under the lease she was a member of her mother's family, and that the surrender of possession by the mother to the daughter was an attempt by them to aid Gage in his quarrel with the appellee about the land. On the whole case the appellee was entitled to recover. The act of the appellant in executing the lease seems slight, but the fact that he acted for another is no excuse. 1 Addison on Torts, Sec. 526.

The lease which he executed authorized the continuing trespass by Mrs. Anderson. The appellee has assigned cross-errors. We can not increase the judgment and doubt if he wants it reversed. The only ground upon which to disturb it is, that the court should have granted him a new trial on account of the insufficiency of the damages. The testimony as to rental value was not very satisfactory, and whether the appellee should have been permitted to prove attorneys' fees in the ejectment as damages is a question not fairly upon this record, as no witness having knowledge of what the fees should have been was called. The exception to what the judge said abstractly is idle; it is the course of the trial, in fact altered to the prejudice of the party, that is the subject of exception. If he still wants a new trial the appellant will probably agree to begin again. The judgment is affirmed.

*Judgment affirmed.*