### William Skakel v. Patrick Hennessey.

1. BURDEN OF PROOF—*Question of Agency.*—A person rented a house, and when sued for the rent claimed that he was acting as an agent for another person. *Held,* that whether he was acting as principal or agent was a question of fact, and the burden was upon him to make the proof.

2. PRACTICE—*Name of Actions.*—It is immaterial by what name an action before a justice of the peace is called. On appeal it is whatever the evidence makes it.

**Memorandum.**—Appeal from the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Submitted at the October term, 1894. Affirmed. Opinion filed January 10, 1895.

L. H. BISBEE and W. N. GEMMILL, attorneys for appellant.

WILLIAM B. CUNNINGHAM, attorney for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellee sued the appellant before a justice, claiming rent, and recovered a judgment, from which the appellant appealed to the Superior Court, where he fared no better, and he has come here. The parties were the only witnesses, and agree expressly or tacitly, that about May 1, 1893, the

appellant paid the appellee $25 for the rent of that month, of a house or rooms, then and thereafter occupied by the sisters of the appellant, and made an arrangement with the appellee to paper and paint the house or rooms.

The case was so hastily tried that we do not know whether it was a whole house or rooms. How long, or in what capacity—whether as tenants of the appellee or some other—the sisters had occupied, does not appear, though the appellee called it a "long time;" but it does appear that one of them paid the rent for the next month, June.

The appellant says that he told the appellee when he paid the $25, to go to his sisters and get the rent after that, and to make out a lease to his sister; that nothing was said as to commencement or termination of such lease. Upon that subject the appellee was silent, not being recalled as a witness. Upon the case as thus far stated we can not say that the court, trying the cause without a jury, was wrong in finding for the appellee. More than one month's tenancy by somebody was contemplated.

Whether the appellant was acting as principal or as agent was a question of fact. It certainly does not appear that the appellant had any authority from a sister to bind her by a lease. If he claims exemption as an agent, the burden is upon him to prove his authority. Wheeler v. Reed, 36 Ill. 81, 13th head-note.

The sisters vacated early in December, 1893, and this suit was commenced very soon after. The judgment is for the rent from July 1st to December 1st, so that the appellee had no more than he ought to have from somebody.

The appellant offered a transcript of the judgment of a justice entered July 14, 1893, in forcible detainer, in favor of the appellee and against the appellant.

This was rejected, and the appellant contends that such rejection was error, as a landlord can not recover rent after the lease is terminated by a judgment for possession. But the judgment would have been conclusive that the appellant was the tenant of the appellee, provided it had appeared, as it did not, that the judgment related to the prem-

ises for which rent was claimed. It was a judgment "for possession of the premises described in the said summons;" and the summons was not produced. But had it been all that the appellant desired, then the action of the appellee would have been trespass for *mesne* profits; Snow v. McCormick, 43 Ill. App. 537; and though before the justice, this action was called " on account of rent," yet on appeal it is whatever the evidence fits. Blatten v. Evans, No. 5386, this term, citing Block v. Blum, 33 Ill. App. 643; Steele v. Hill, 35 Ill. App. 211; Swingley v. Haynes, 22 Ill. 214.

So no harm was done to the appellant in any case. The judgment is affirmed.

SHEPARD, J., dissents.