**Eliza W. Marshall, Executrix, etc., v. Charles B. Eggleston, James P. Mallette, Ralph E. Brownell, Partners, etc., and Fitz A. Woodbury.**

1. TRESPASSERS—*All Liable, etc.*—All trespassers are treated alike, whether acting for themselves or as agents or attorneys for others.

2. MESNE PROFITS—*Sub-lessee of Defendant in Ejectment.*—A party coming into possession as lessee under a defendant in ejectment, during the pendency of the action, is bound by the proceedings in the suit, and liable to an action for *mesne* profits.

3. NOTICE—*To Trespassers, Unnecessary.*—A person is not precluded from recovering from trespassers on his property for its use, because he fails to notify them that they are trespassing, and that he will hold them responsible.

Trespass.—Trial in the Circuit Court of Cook County; the Hon. Elbridge Hanecy, Judge, presiding. Finding and judgment for defendants; appeal by plaintiff. Heard in this court at the October term, 1898. Reversed and remanded. Opinion filed March 30, 1899.

**Statement of the Case.**—This suit was trespass by appellant, begun February 7, 1896, against appellees, by which she sought to recover for the use and profits or rental value of certain real estate owned in fee by appellant's testator, the possession of which was wrongfully taken and held for more than one year, as it is claimed by appellant. The pleas were not guilty and *liberum tenementum*, on which issues were joined. A trial before the court, without a jury, resulted in a finding and judgment in favor of appellees, from which the appeal is taken.

In August, 1890, David Dimond, appellant's testator, began ejectment for said real estate against Dubreuill and Lamoreaux, and obtained service of process on each of the defendants during that month. Appellee Woodbury was attorney for the defendants in the ejectment case, and also of the original complainant, and also solicitor of the defendants in the cross-bill in the chancery suit hereinafter mentioned.

March 11, 1891, one Nichols, claiming to have a contract of purchase of said real estate from Dimond, filed his bill, making Dimond a defendant, alleging that Dubreuill and Lamoreaux held possession of said real estate for him, and asking specific performance of the contract. Dimond in April, 1891, answered, denying the contract, and June 22, 1891, filed a cross-bill to set aside the alleged contract as a cloud on his title, alleging the death of Dubreuill since the filing of original bill, administration on his estate, and making Nichols, Lamoreaux and the administrators of Dubreuill, defendants. The defendants all answered November 25, 1891. A decree was entered in the chancery case July 11, 1894, dismissing the original bill for want of equity, and granting the relief asked by the cross-bill. February 21, 1895, all the appellees were made defendants in the ejectment suit, but afterward, on motion of the plaintiff, the

suit was dismissed as to each of them, and on January 17, 1896, after a trial before a jury and the court, judgment was rendered in plaintiff's favor, and a writ of possession awarded to him for the whole of said real estate.

Pending all this litigation, appellee Woodbury, who, as stated, was attorney and solicitor of all the defendants in both the cases, and solicitor for said Nichols, made a lease to the other appellees, December 1, 1892, of said real estate, for one year from that date at $75 per month, payable at certain intervals during the lease, and providing for its termination after June 1, 1893, on thirty days notice in writing to the lessees. After 1890 to 1894, Dimond was not in possession of said real estate, but re-entered it in the summer of 1894, and placed a wire around part of it. Woodbury testified that he claimed no title to it, had no possession of it himself; that Lamoreaux and Dubreuill were in possession of it during this period, that he was their attorney, but when asked whether he ever received any rent from any one in possession of it, evaded the question.

The evidence shows that the lessees were in possession of said real estate, using it as a stone yard during a part of the period covered by the lease, and that they paid rent to Woodbury under the lease, but what amount does not appear.

Louis SHISSLER, attorney for appellant.

F. A. WOODBURY, attorney for appellees.

MR. PRESIDING JUSTICE WINDES delivered the opinion of the court.

Appellees claim the judgment is right. First, because they were dismissed out of the ejectment suit; second, that they had nothing to do in any way with the original trespass, and did no injury to the land; third, appellant's agent saw appellees pay their money, made no protest, and gave no notice they would be held by appellant; fourth, that the damage is only nominal under the evidence; and, fifth, Woodbury can not be held, because he only acted as attorney.

The first contention is not tenable.  Appellant was not bound to continue these appellees as defendants to the eject-ment suit, and when they were dismissed out of that case, the statute of ejectment relating to the recovery of *mesne* profits has no application to them.  They were liable to an action in trespass for *mesne* profits.  Waterman on Tres-pass, Secs. 928 and 931; Snow v. McCormick, 43 Ill. App. 538, and cases there cited; Western B. & S. Co. v. Jevne, 78 Ill. App. 669; Green v. Biddle, 8 Wheaton, 75.

In so far as Smith v. Wunderleck, 70 Ill. 426, may be said to hold to the contrary, we think the language was not applicable to that case, as there had been no re-entry by plaintiff, as in the case at bar.

As to appellees' second point, it is wholly immaterial that they had nothing to do with the original trespass, and did not injure the land.  Appellant does not seek to recover for injury to the land, but for its use by appellees wrong-fully.  Appellee Woodbury, being the attorney of the defendants in the ejectment suit then pending, had actual notice of appellant's rights and title.  In fact, he says in his brief he leased the premises for the defendants in the ejectment case.  The other appellees, taking and holding by virtue of the lease to them by Woodbury, can get no greater right or title than he.  Moreover, they are bound by constructive notice of appellant's rights and title by the pendency of the ejectment and chancery suits.  They can not be innocent purchasers any more than a tenant who takes a lease from a stranger pending foreclosure proceed-ings.  Appellees were all trespassers, and equally liable with the original trespassers for the time they used the property.  Yates v. Smith, 11 Ill. App. 459; Ellis v. Sisson, 96 Ill. 105; Schreiber v. R. R. Co., 115 Ill. 340; Doe v. Whitcomb, 8 Bing. 46; Bradley v. McDaniel, 3 Jones (N. C. Law), 128.

3d.  There is no evidence that appellant saw appellees pay their money.  Appellant's agent was told by one of the appellees he had paid rent.  We have been cited no author-ity that appellant is precluded from recovering from tres-passers on his property for its use, because he fails to notify .

56 APPELLATE COURTS OF ILLINOIS.

them that they are trespassing, and fails to tell them he would hold them. We think there is no such respectable authority.

4th. It does not tend to support the judgment in this case that the evidence, as claimed by appellees, shows only nominal damages. That fact, if shown, as we think it is not, could not affect appellant's legal right to a judgment even for nominal damages.

5th. Even if appellee Woodbury was attorney, and only acted as such, he can not escape liability. All trespassers are treated alike, whether acting for themselves or others. Also, when he had an opportunity, in answer to a direct question, to show he had paid the rent to his clients, he fails to answer whether he did or not.

The judgment is reversed and the cause remanded.