### Ruth J. Duncan et al. v. William H. Journey.

EJECTMENT—*who not liable upon statutory suggestion of claim.*
Only the defendant in the original action of ejectment is liable
upon a statutory claim for *mesne* profits in the proceeding provided
for by section 43. of the Ejectment Act.

Proceeding under Ejectment Act.    Appeal from the Circuit
Court of Jersey county; the Hon. OWEN P. THOMPSON, Judge, pre-
siding.    Heard in this court at the May term, 1907.    Affirmed.
Opinion filed December 7, 1907.

THOMAS F. FERNS, for appellants.

HAMILTON & HAMILTON and H. W. POGUE, for ap-
pellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion
of the court.

This is an appeal from a judgment of the Circuit
Court of Jersey county against appellants for costs
and in bar of their action following an order sustain-
ing a demurrer interposed by appellee to appellants'
declaration.

After reciting that appellants came, and according
to the form of the statute in such case made and pro-
vided suggest to the court, the declaration alleges that
appellee, Journey, was on February 1, 1907, indebted
to appellants in the sum of $800 for the use and occu-
pation of certain lands and tenements held, used and
occupied by said appellee at his request, and described
in the declaration and judgment in a certain action of
ejectment, in which the appellants were plaintiffs and
one George Tucker was named as defendant, and
which cause was decided in favor of appellants at the
March term, 1906, of the Circuit Court of Jersey
county; that at the time said ejectment suit was com-
menced said Tucker was in possession and occupied
said lands under and in privity with appellee, and that
said Tucker is insolvent; that appellee had actual

notice of the pendency of said ejectment suit against said Tucker and had opportunity to defend the possession of said Tucker; that appellee did defend the possession of himself and said Tucker by procuring counsel and being present and advising with them during the progress of the trial of said ejectment suit, and that appellee was in fact a defendant in said suit although not nominally a party thereto, and was bound by the judgment rendered therein.

The action is sought to be maintained under the provisions of the Ejectment Act relating to the recovery of *mesne* profits, section 43 of which act is, as follows: "Instead of the action of trespass for *mesne* profits, the plaintiff seeking to recover such damages shall, within one year after the entering of judgment, make and file a suggestion of such claim, which shall be entered, with the proceedings thereon, upon the record of such judgment, or be attached thereto, as a continuation of the same." Hurd's Stat. 1905, 849. While appellee, having had notice of the pendency of the ejectment suit and an opportunity to defend the possession of the actual occupant, Tucker, may be bound by the judgment in that action against Tucker, he was not a party defendant in that action and is, therefore, not liable upon a statutory suggestion of claim for *mesne* profits predicated upon such judgment in ejectment. The statutory proceeding here sought to be invoked was manifestly intended to bear a direct relationship to the judgment in ejectment which must necessarily precede it, and the only proper defendant in such proceeding is the party against whom the judgment in ejectment was entered. Snow v. McCormick, 43 Ill. App. 537; Marshall v. Eggleston, 82 Ill. App. 52.

The demurrer to the declaration was properly sustained and the judgment will be affirmed.

*Affirmed.*