## Dell D. Nichols, Plaintiff in Error, v. Evelyn Caldwell Bradley, Executrix, Defendant in Error.

1. EJECTMENT—*suggestion of damages for mesne profits as new suit in assumpsit.* The suggestion of damages for mesne profits in an action of ejectment under Cahill's Ill. St. ch. 45, ¶ 44, is a new suit in assumpsit and not a continuation of the ejectment suit.

2. EJECTMENT—*how mesne profits can be recovered.* The suggestion of damages for mesne profits in an action of ejectment, under Cahill's Ill. St. ch. 45, ¶ 44, is the only way in which such profits, up to the issuance of the writ of possession, can be recovered by the successful plaintiff in an ejectment suit.

3. EJECTMENT—*cause of action for mesne profits as existent at common law.* The cause of action for mesne profits in ejectment was not created by statute but existed at the common law, the statute (Cahill's Ill. St. ch. 45, ¶ 44), merely providing a remedy.

4. ABATEMENT AND REVIVAL—*right to damages for mesne profits as surviving death of defendant.* A right to damages for mesne profits in an action of ejectment survives the death of the defendant.

5. EJECTMENT—*when year for filing of suggestion of damages for mesne profits begins to run.* Under Cahill's Ill. St. ch. 45, ¶ 44, a suggestion of damages for mesne profits may be filed at any time within one year after the judgment of affirmance by the Supreme Court of the judgment of eviction in the circuit court, and need not be filed within one year after the judgment of the circuit court is pronounced.

Error to the Circuit Court of Macon county; the Hon. WILLIAM K. WHITFIELD, Judge, presiding. Heard in this court at the April term, 1921. Reversed and remanded with directions. Opinion filed October 25, 1921.

WILLIAM H. CRAIG and GEORGE B. RHOADS, for plaintiff in error.

LEFORGEE, BLACK & SAMUELS, for defendant in error.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

Plaintiff in error brought suit in ejectment against Charles M. Caldwell in the circuit court of Macon

county and on April 8, 1916, she recovered judgment in ejectment against him in that court. That judgment was affirmed by the Supreme Court on October 24, 1916. The mandate of affirmance from that court was filed in the office of the clerk of the circuit court of Macon county on March 6, 1917. On May 3, 1917, plaintiff in error filed her suggestion for mesne profits in the circuit court of that county. Summons was issued and served on May 4, 1917. To the suggestion for mesne profits, defendant filed a plea of the general issue and five special pleas. Plaintiff in error joined issue on the plea of the general issue. To the second plea she filed a general replication which raised the issue whether the cause of action accrued 5 years before May 3, 1917. To the third plea she filed a general replication thereby presenting the issue whether the cause of action accrued 5 years before the commencement of this suit. To the fourth plea she filed two replications: First, that suggestion of damages was filed within one year after final judgment in the ejectment case; second, that the cause of action accrued on April 8, 1916; that the defendant appealed the suit in ejectment to the Supreme Court, which appeal remained pending in the Supreme Court until October 24, 1916, on which date the judgment of the circuit court in the ejectment suit was affirmed by the Supreme Court and that this suit was begun within one year after the said judgment was so affirmed. She filed a demurrer to the fifth and sixth pleas. Issue was joined on the replication filed to the second and third pleas and on the first replication to the fourth plea, and demurrer was filed to the second replication to the fourth plea, and a joinder in demurrer to the fifth and sixth pleas. The demurrer to the second replication to the fourth plea was sustained, whereupon plaintiff in error withdrew her first replication to the fourth plea and elected to abide by her second replication to the said fourth plea. Judgment was then en-

tered *nil dicit* in bar of plaintiff's action and for costs. This writ of error has been sued out to review that judgment.

Since this case has been in this court, Charles M. Caldwell, the original defendant, has died and Evelyn Caldwell Bradley, executrix of his last will, has been substituted as defendant. A motion was filed October 4, 1921, by her as defendant in error, to dismiss this case for the reason that the action for mesne profits does not survive the death of the original defendant in error. That motion was taken with the case and must be first disposed of.

The suggestion of damages for mesne profits in an action of ejectment under section 43 of chapter 45, Rev. St. (Cahill's Ill. St. ch. 45, ¶ 44) is a new suit in assumpsit and is not a continuation of the ejectment suit (*Ringhouse v. Keener,* 63 Ill. 230), and is the only way in which mesne profits can be recovered by a successful plaintiff in an ejectment suit up to the issuance of the writ of possession. *Harding v. Larkin,* 41 Ill. 413; *Western Book & Stationery Co. v. Jevne,* 179 Ill. 71. An action of assumpsit survives the death of the defendant. The cases of *Duncan v. Journey,* 137 Ill. App. 568, and *Snow v. McCormick,* 43 Ill. App. 537, cited by defendant in error, are not in point. The question of survival of actions was not involved in either of those cases. In both of those cases an attempt was made to invoke the provisions of section 43 of chapter 45 against persons who were neither the original defendants in the ejectment suits that had preceded nor the representatives of such defendants.

Defendants in error urge that causes of action created by statute do not survive the death of the defendant; that in Illinois, by statute, only such actions survive as survived at the common law and as this is a statutory proceeding it does not survive.

The answer to that contention is, this cause of action was not created by statute but existed at the common law. The statute merely provides a **remedy.**

For the reasons stated the motion to dismiss this suit is denied.

The errors assigned on the record presented by this writ of error raise but one question and that is whether the successful plaintiff in an ejectment suit must file his suggestion of damages for mesne profits under section 43 of chapter 45, Rev. St. within one year after the rendition of the judgment in the trial court under all circumstances, or may he do so at any time within one year after the date of the affirmance of that judgment by the Supreme Court when the case has been taken to that court on appeal.

The question thus presented has never, so far as we are advised, been directly passed on by the Supreme or Appellate Courts of this State. There are, however, holdings on analogous questions that seem to indicate the trend of judicial thought along such lines. The case of *Montag v. Lynn*, 25 Ill. 169, is perhaps the closest in point of any we have found. When that case arose, the statute required the trial court at the time it pronounced judgment of eviction either in ejection or in proceeding in equity to nominate seven persons to assess the value of lasting valuable improvements thereon. In that case a judgment of eviction in ejectment was pronounced, an appeal was taken by the defendant from that judgment to the Supreme Court where it was affirmed. At the first term of the circuit court after the judgment of affirmance had been entered by the Supreme Court, the plaintiff in ejectment moved for the appointment of the seven men mentioned in the statute to appraise certain valuable and lasting improvements on the premises there in question and the circuit court denied the motion on the theory that the appointment should have been made at the former term of that court when judgment of eviction in ejectment was pronounced, and the Supreme Court on appeal held that the statute referred to was directory and that an appeal from the judgment

of eviction in ejectment suspended that judgment until after the same was affirmed by the Supreme Court, and that in the meantime "no proceedings could be lawfully had under the judgment." That court further said in that opinion:

"It is not to be presumed that the legislature designed that the proceedings for the assessment of the value of the improvements should be going on, while the case was pending in this court, where the judgment was liable to be reversed. No benefit could accrue to either party to have the commissioners appointed at that time" (the time of pronouncing the judgment in ejectment), "rather than at the first term after the judgment was affirmed by this court."

So in this case it could not be known that there ever would be damages to assess for mesne profits until the Supreme Court had affirmed the judgment of eviction of the circuit court. Suppose suggestion for mesne profits had been filed and proceedings thereunder had progressed even to completion and the Supreme Court had then reversed the judgment of eviction. Of what avail would have been the proceedings for mesne profits? In *Colorado Springs Co. v. Cowell,* 6 Colo. 73, it is held that a statute requiring that proceedings for the recovery of mesne profits must be begun within a year after the final determination of the ejectment suit begins to run after the final disposition of that suit on appeal. When an appeal is taken from a judgment or decree of a court the control of the trial court over that case is suspended until a disposition of the case on appeal is made. *Merrifield v. Western Cottage Piano & Organ Co.,* 238 Ill. 526; *Heinrich v. Harrigan,* 291 Ill. 294; *People v. Wiley,* 284 Ill. 186; *Cowan v. Curran,* 216 Ill. 598. Before the passage of section 43 of chapter 45, the proceedings for mesne profits was a continuation of the ejectment suit, and while under that section the proceeding to do the same thing by filing suggestions of damages is held to be in effect a new suit in assumpsit, it still is a proceeding incident

to the original ejectment suit and which could not be maintained but for the judgment of eviction in the ejectment suit and must be held to be one of the incidents following the ejectment suit that are suspended by perfecting an appeal in that suit. In Missouri a statute giving a plaintiff who suffered a nonsuit a definite time in which to begin a new suit was held to begin to run from the time of the affirmance of such order on appeal. *Chouteau v. Rowse,* 90 Mo. 191.

Both analogy and reason require that section 43 of chapter 45 should be construed to permit the filing of suggestions for mesne profits at any time within one year next after the judgment of affirmance by the Supreme Court of the judgment of eviction in the circuit court. The circuit court erred in holding that such suggestions must be filed if at all within one year after the judgment of eviction was pronounced in the circuit court.

The judgment of the circuit court is reversed and the cause is remanded to that court with directions to overrule the demurrer of defendant in error to the second replication of plaintiff in error to the fourth plea, and for such other proceedings as may be had not inconsistent with the views here expressed.

*Reversed and remanded with directions.*