Simons v. Hawley.

## John R. Simons v. Paul G. Hawley.

1. LIMITATIONS—*Amendment Introducing New Cause of Action.*—A bill in equity was filed May 8, 1871, seeking the correction of a sheriff's deed and praying for the execution of a new deed to sixty acres of land. There was no claim for rents and profits that had accrued to the time it was filed or those to accrue. Afterward an amended bill was filed setting up such a claim and the answer was amended setting up the statute of limitations to all rents and profits accruing after within five years from the filing of the amended bill. *It was held,* that the complainants were barred from recovering rents and profits prior to five years immediately preceding the filing of the amended bill.

2. BAR—*Recovery in Equity—When Not—Rents.*—A recovery of possession under the proceedings in equity or law is not a bar to the recovery of rents, but theoretically a necessary step.

3. MASTER IN CHANCERY—*Reference Nunc Pro Tunc.*—Where no order of reference has been in fact made, it is error for the court to validate the action of the master in taking testimony and making report in a case, without authority from the court, by dating back its decree of reference. If an order of reference had really been entered then the court could order it to be properly filed and dated *nunc pro tunc.*

4. FREEHOLD—*Rents and Profits.*—No freehold is involved in an action for rents and profits where the title to real estate is not in question.

Memorandum.—Bill for an accounting for rents and profits. Error to the Circuit Court of Kendall County; the Hon. CLARK W. UPTON, Judge, presiding. Heard in this court at the December term, 1893. Reversed and remanded. Opinion filed May 22, 1894.

The opinion states the case.

BRIEF OF PLAINTIFF IN ERROR, HOPKINS, ALDRICH & THATCHER AND SAMUEL J. LUMBARD, ATTORNEYS.

Plaintiff contended that not until an order of reference is entered in any cause has the master in chancery any right or authority to assume to hear evidence and determine any question in controversy. R. S., Chap. 22, Sec. 39; Preston v. Hodgen, 50 Ill. 56; Waters v. Waters, 132 Ill. 483; Hughs v. Washington, 65 Ill. 245.

In the bill as originally filed there was no allegation that plaintiff in error was in possession of the land in controversy or receiving any income therefrom, and no allegation that the said land had any rental value whatever, and no prayer for an accounting was contained therein. If there is any proposition of chancery practice more clearly and positively established by the decision of our Supreme Court than any other proposition, it is that the complainant must recover, if at all, upon the allegations of his bill.

In Brockhausen v. Bochland et al., 137 Ill. 552, the Supreme Court, affirming the decision of this court, says: "The rule that a complainant in equity must recover, if at all, on the case made by his bill, is elementary. It has been strictly enforced in this court whenever invoked. McKay v. Bissett et al., 5 Gilm. 499; Kellogg v. Moore, 97 Ill. 282, and case there cited."

Proof without allegations is just as unavailing as allegations without proof. Quinn v. McMahon, 40 Ill. App. 60. So, under the original bill, it is clearly apparent that an amended bill not alleging, and the plaintiff in error expressly denying any new promise, and setting up the statute as a defense, the defendant in error could not call for an accounting back of July 1, 1880. The allegations of the amended answer must be taken to be true. Knapp v. Gass, 63 Ill. 492; Trout v. Emmons, 29 Ill. 433.

There can be no serious contention, it seems to us, that the filing of the amendment, bringing in as it did an entirely new question and asking for additional specific relief, not allowable under the original bill, was not, as to such new matter, the beginning of the suit. Phelps v. I. C. R. R.

Co., 94 Ill. 548; Illinois Central R. R. Co. v. Cobb, Christy & Co., 64 Ill. 128; Peoria and Pekin Union Ry. Co. v. U. S. Rolling Stock Co., 28 Ill. App. 79.

Equity, in applying the statute of limitations, is controlled by the rule applied by the law courts in similar cases. Bourland v. Peoria County, 16 Ill. 538; Board of Kane County v. Herrington, 50 Ill. 232; Blanchard v. Williamson, 70 Ill. 647; Castner v. Walrod, 83 Ill. 171; Bates v. Gillett, 132 Ill. 302.

CHARLES WHEATON, attorney for defendant in error.

MR. JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

This was a bill in equity, filed May 8, 1871, by defendant in error against the plaintiff in error and Edward Simons, seeking correction of a sheriff's deed, and praying for the execution of a new deed to sixty acres of land.

The original bill was filed against Edward Simons, the defendant in the execution under which the land was sold, and the bill averred against plaintiff in error that he claimed some interest in the land. The original bill only claimed relief to the extent of the land and correction of the defective sheriff's deed.

There was no claim for rents and profits that had accrued to the time it was filed or those to accrue. On the first day of July, 1885, the bill was amended so as to claim rents and profits. The final decree in the case for the recovery of the land was June 14, 1888. On the 29th May of last named year, the appellant amended his answer, setting up the five years statute of limitations as to all rents and profits due on the land prior to July 1, 1880, it being five years preceding the filing of the amended bill, claiming for the first time rents and profits.

The record shows that the cause was referred to the master July 13, 1888, but the master had been taking proof since June 7th, the day on which he filed his report, and the court, without having made an order previously, entered

an order of reference to the master *nunc pro tunc* as of May 29, 1888.

There were exceptions taken to the master's report which found due defendant in error \$4,426.44, and the court reduced it to \$3,869.44, and entered a decree in favor of defendant in error for the latter amount, allowing rent from November 12, 1866, the date of the expiration of the time of redemption, under the sheriff's sale, to June 14, 1888.

The important question in this case is, was the statute of limitations, as set up in the plaintiff in error's answer, available in this case? We have given the question as careful consideration as we are able, and have arrived at the conclusion, from the decided cases and the analogies of the law, on comparison with those cases with the present one as respects the facts, that the point is well taken, and that plaintiff in error is barred from recovery of rents and profits from all claim for such rents and profits prior to July 1, 1880, five years immediately preceding the filing the amended bill by defendant in error, in which for the first time the claim was set up for rents and profits. Prior to that time, the only relief sought was the correction of the sheriff's deed and the making of the new one. We cite as authority the cases of Tuneson v. Chamberlain, 88 Ill. 378; Ringhouse v. Keener, 63 Ill. 230; Ill. Central R. R. Co. v. Cobb, cited in the Chamberlain case above. The claim for rent is an entire separate claim from the relief asking for the correction of the sheriff's deed, and is not necessarily involved in the original litigation. It is true rents may be recovered after decree, granting the prayer of the bill as it originally stood, but defendant in error need not recover it, and may proceed at law for its recovery, after obtaining possession of the land, either by ejectment or by decree in the original suit. Therefore it follows that the relief sought in the original bill and the right to recover rents and profits are not one and the same cause of action, and must be claimed in the bill. Nor is the recovery of possession, under the proceedings in equity or law, a bar to the recovery of rents, but theoretically a necessary step. A bill after final decree will be retained for

such purpose. Gage v. Parker, 103 Ill. 528. In the case of Ringhouse v. Keener above, there seemed to be a greater hardship in barring recovery to all rents prior to five years from the filing the suggestions for the recovery of rents and profits, because those suggestions were unavoidably and necessarily delayed by the protracted litigation. The statute gives one new trial in ejectment cases within one year from recovery, in payment of costs, as a matter of right, and suggestions can not be filed until final recovery, and in that case, by the lapse of time, owing to delays in litigation, the appellee lost several years' rents without power to avoid it by filing suggestions earlier.

In this case there can be no such hardship, for the reason defendant in error could have framed his bill and sought recovery for rents and profits at the time of filing his bill, or at any earlier date by amendment. We think, therefore, that the court erred in not allowing the bar as claimed in the answer of plaintiff in error.

We think the court also erred in ordering the entry of the reference to the master *nunc pro tunc* as of a prior date when no such previous order had been entered.

It would be improper for the Circuit Court to validate the action of the master in taking testimony and making report in a case, without authority from the court by dating back its decree of reference. If an order of reference had really been entered, then the court could order it to be properly filed and dated *nunc pro tunc*.

There can be no freehold involved in this case. The title to the real estate in litigation is not involved. No appeal is taken from the decree giving the land to defendant in error. Only the rents are in question. Mohr v. Hudgens, 130 Ill. 228; Moore v. Williams, 132 Ill. 591.

The decree of the court below is reversed and the cause remanded with directions to the Circuit Court to proceed in accordance with this opinion.