PAUL G. HAWLEY

*v.*

JOHN R. SIMONS.

*Filed at Ottawa May 15, 1895—Rehearing denied October 16, 1895.*

1. LIMITATIONS—*amendment claiming rents and profits treated as new action.* Rents and profits accruing more than five years before a bill seeking the correction of a sheriff's deed was amended so as to claim them, are barred, the same as though made the basis of a separate action commenced at the time of the amendment.

2. SAME—*a bar at law is a bar in equity.* When courts of equity have concurrent jurisdiction with courts of law, and the party proceeds in equity, if barred at law he will also be barred in equity.

3. DECREES—*order of reference to master nunc pro tunc invalid.* An order referring a cause to a master to take testimony, granted *nunc pro tunc* as of a date prior to the action of the master, is of no effect to validate the action of the master in taking testimony before such order was in fact made.

*Simons* v. *Hawley,* 53 Ill. App. 287, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on writ of error to the Circuit Court of Kendall county; the Hon. CLARK W. UPTON, Judge, presiding.

CHARLES WHEATON, for appellant:

Amendments to a bill are always considered as forming part of the original bill. *Hurd* v. *Everrett,* 1 Paige's Ch. 124; 1 Daniell's Ch. Pr. 455; Story's Eq. Pl. 332, 885.

The cause of action is not barred because an amendment of a petition is filed after the statute has run against the action, provided the original petition was filed in time. *Culp* v. *Steere,* 47 Kan. 746.

The matters in the original and amended bills were not distinct and unconnected. The whole controversy was in regard to the same land and between the same parties. *Henson* v. *Moore,* 104 Ill. 403.

Courts will allow liberal amendments for the purpose of avoiding the running of the Statute of Limitations, so far as the re-statement of the cause of action is concerned. *Railroad Co.* v. *Phelps,* 4 Ill. App. 238.

Even at law an amendment may relate back to the original cause of action and prevent the bar of the statute, and whenever an amendment only re-states the original cause of action it is not amenable to the Statute of Limitations. *Mitchell* v. *Milholland,* 106 Ill. 175; *Insurance Co.* v. *Ludwig,* 106 id. 514; *Rolling Mill Co.* v. *Monka,* 107 id. 340; *Railway Co.* v. *Jenkins,* 103 id. 588; *Dickson* v. *Railroad Co.* 81 id. 215; *Blanchard* v. *Railroad Co.* 126 id. 416.

Under the prayer for general relief, any special relief consistent with the case made by the bill can be granted.

1 Barb. Ch. Pr. 37; *Colton* v. *Ross,* 2 Paige's Ch. 396; *Wilkin* v. *Wilkin,* 1 Johns. Ch. 117; *McMillan* v. *James,* 105 Ill. 194.

Where a bill in chancery presents a proper case for an account of rents and profits of lands against defendant, such account may be properly taken under the general prayer for relief. *Haworth* v. *Taylor,* 108 Ill. 205.

The Statute of Limitations does not run during the pendency of a suit. *Railway Co.* v. *Jenkins,* 103 Ill. 588.

An amendment of the answer will not be permitted to enable a party to set up the defense of the Statute of Limitations, if he has not availed himself of the opportunity to interpose such defense in the first instance. *Webb* v. *Fuller,* 83 Me. 405; 1 Barb. Ch. Pr. 164; *Beach* v. *Bank,* 3 Wend. 573.

HOPKINS, ALDRICH & THATCHER, and SAMUEL J. LUMBARD, for appellee:

That the action of the court in entering the order of reference *nunc pro tunc* was not correct practice we think is clearly demonstrated by the following authorities: *Denning* v. *Clark,* 59 Ill. 218; *Preston* v. *Hodgen,* 50 id. 56; Rev. Stat. chap. 22, sec. 39; *Hughes* v. *Washington,* 65 Ill. 245; *Walters* v. *Walters,* 132 id. 483.

It was the duty of appellant to have the order of reference entered before taking the testimony. *Stevens* v. *Coffeen,* 39 Ill. 148; *Schneider* v. *Seibert,* 50 id. 284; 5 Am. & Eng. Ency. of Law, 379.

A party will not be entitled to the entry of a decree *nunc pro tunc* if the failure to enter has been due to his own neglect. 5 Am. & Eng. Ency. of Law, 379.

Appellant could have proceeded to a decree under the original bill and commenced a separate action for rents, and then the statute would have been a complete defense as to any rents accruing prior to July 1, 1880. Can he avoid the effect of the statute by seeking, by amendment, that which in a separate suit would be barred by the statute? *Railroad Co.* v. *Cobb, Christy & Co.* 64 Ill. 128; *Phelps* v. *Railroad Co.* 94 id. 548.

Equity, in applying the Statute of Limitations, is controlled by the rule applied by the law courts in similar cases. *Bourland* v. *Peoria County*, 16 Ill. 538; *Kane County* v. *Herrington*, 50 id. 232; *Blanchard* v. *Williamson*, 70 id. 647; *Castner* v. *Walrod*, 83 id. 171; *Bates* v. *Gillett*, 132 id. 302.

Mr. CHIEF JUSTICE WILKIN delivered the opinion of the court:

This was a bill in equity filed May 8, 1871, by appellant, against appellee and Edward Simons, seeking correction of a sheriff's deed, and praying for the execution of a new deed to sixty acres of land. The original bill was filed against Edward Simons, the defendant in the execution under which the land was sold, and the bill averred against appellee that he claimed some interest in the land. The original bill only claimed relief to the extent of the land and correction of the defective sheriff's deed. There was no claim for rents and profits that had accrued to the time it was filed, or those to accrue. On the first day of July, 1885, the bill was amended so as to claim rents and profits. The final decree in the case for the recovery of the land was June 14, 1888. On the 29th of May of the last named year, the appellee amended his answer, setting up the five years statute of limitations as to all rents and profits due on the land prior to July 1, 1880, it being five years preceding the filing of the amended bill claiming, for the first time, rents and profits. The record shows that the cause was referred to the master July 13, 1888, but the master had been taking proofs prior to June 7, (the day on which he filed his report,) and the court made an order of reference to the master *nunc pro tunc* as of May 29, 1888. There were exceptions taken to the master's report, which found due appellant $4426.44, and the court reduced it to $3869.44, and entered a decree in favor of appellant for the latter amount, allowing rent from November 12, 1866, the date

of the expiration of the time of redemption under the sheriff's sale, to June 14, 1888.

Upon appeal to the Appellate Court, upon the foregoing statement of the facts the decree of the circuit court was reversed and the cause remanded. The grounds of reversal sustained in that court were: First, the amendment to the bill filed July 1, 1885, upon which the decree is based, set up a new cause of action from that alleged in the original bill, and therefore the five years statute of limitations was a bar to the recovery of all the rents and profits claimed which accrued more than five years prior to the filing of such amendment; and second, that the circuit court erred in ordering the entry of the reference to the master *nunc pro tunc* as of a prior date. (See 53 Ill. App. 287.) Complainant below prosecutes this appeal, and assigns for error that judgment of reversal.

Appellee has filed cross-errors, alleging that the Appellate Court erred in finding him liable for rents and profits from July 1, 1880,—being five years prior to filing the amendment,—instead of for only five years next preceding the rendering of the decree. It is only necessary to say, as to these cross-errors, no such claim as is here set up is made by the answer, which is, that he did not, within five years before the filing of *the amended bill*, etc.

Solicitor for appellant contends, that "under the prayer for general relief any special relief consistent with the case made by the bill can be granted," and "when a bill in chancery presents a proper case for an accounting of rents and profits of lands against defendant, such account may be properly taken under the general prayer for relief,"—citing *Haworth* v. *Taylor*, 108 Ill. 275, and a number of other authorities. This statement of the law is not objectionable, but it does not cover appellant's case. No attempt was made in the original bill to charge the defendant with rents and profits of the land. It only sought to recover the land itself, and to have the defective sheriff's deed corrected. A decree for rents and prof-

its would have found no support in the allegations of that bill. (*Brockhausen* v. *Bochland*, 137·Ill. 547, and cases there cited.) The amendment was not a re-statement of any claim made in the bill previously filed, but set up an entirely new and distinct cause of action. In *Illinois Central Railroad Co.* v. *Cobb, Christy & Co.* 64 Ill. 128, in holding a plea of the Statute of Limitations good as to additional counts to a declaration, it was said (p. 140): "Counsel for appellees cite various authorities for the purpose of showing that courts should be liberal in allowing amendments for the purpose of avoiding the running of the statute. These authorities, however, are cases where the amendment was for the purpose of re-stating the cause of action in the pending suit, and not for the purpose of introducing a wholly new and different cause of action." (See, also, *Phelps* v. *Illinois Central Railroad Co.* 94 Ill. 548.) In *Ringhouse* v. *Keener*, 63 Ill. 230, on suggestions claiming *mesne* profits in an action of ejectment, the question was "as to the period at which the Statute of Limitations becomes a bar,—whether it is five years before the commencement of the action of ejectment, five years before the rendition of the final judgment therein, or five years before the filing of the suggestions for the recovery of *mesne* profits," and it was held that all rents and profits which accrued more than five years before the filing of suggestions claiming *mesne* profits are barred by the Statute of Limitations, and that in a proceeding to recover such profits under the ejectment statute, a plea that the cause of action did not accrue to the plaintiff at any time within five years next before the filing of the suggestion was a good plea.

The complainant below had the right to recover rents and profits upon his amendment to the bill, but, as said by the Appellate Court, he was not bound to do so, but might, after obtaining possession under his decree for the land, have brought his action at law for the same. If he wished to recover *mesne* profits upon his bill in equity,

and avoid the running of the Statute of Limitations against them so far as not then barred, he need only have made that claim in his original bill. Having seen fit to make such claim a new and distinct cause of action, there is no reason why the Statute of Limitations should not operate as a bar to the same extent and in the same manner as though the proceeding was by suggestions for *mesne* profits in an action of ejectment. "When courts of equity have concurrent jurisdiction with courts of law, and the party proceeds in equity, if barred at law he will also be barred in equity." *Manning* v. *Warren*, 17 Ill. 267, and cases cited.

We concur in the decision of the Appellate Court in holding that the circuit court erred in not allowing the bar of the Statute of Limitations set up in the answer.

It is also clear that the order referring the case to the master was erroneous. It is called an order *nunc pro tunc* as of May 29, 1888. But no order whatever was made, of that or any other date, prior to the taking of the testimony by the master. That an order referring a cause to a master to take the testimony can only be binding upon the parties when made prior to the action of the master, is too clear for argument. Of course, if there is an appearance and participation in the taking of evidence without an order, parties cannot question the authority of the master to act, but the subsequent entry of an order of reference would amount to nothing. The argument of counsel proceeds upon the assumption that the order of reference in this case had been previously made but not entered, whereas it was, as a matter of fact, not entered because it was not made.

The judgment of the Appellate Court will be affirmed.

<em>Judgment affirmed.</em>