## Paul G. Hawley v. John R. Simons.

1. LIMITATIONS—*Actions to Recover Money Paid Under Decrees Afterward Reversed.*—As to actions to recover money paid under decrees afterward reversed, the statute of limitations commences to run from the time when the decree is reversed, and the right to bring the action for its recovery is complete.

**Assumpsit,** for money paid under a reversed decree. Appeal from the Circuit Court of Kendall County; then Hon. CLARK W. UPTON, Judge, presiding. Heard in this court at the December term, 1897. Affirmed. Opinion filed February 28, 1898.

CHARLES WHEATON, attorney for appellant.

As to money paid on a voidable contract, the statute begins to run from the time of the termination of the contract. Collins v. Thayer, 74 Ill. 138; Phelps v. Elliott, 35 Fed. Rep. 455.

The plaintiff, to avoid the statute of limitations, should have brought his action to recover back the money

improperly paid, as soon as paid, even though he did not know what his rights were until a decision of the Supreme Court some time afterward. New Holland Turnpike Road Co. v. Farmers' Mut. Ins. Co., 144 Pa. St. 541.

Want of knowledge of one's rights does not prevent the running of the statute. Conner et al. v. Goodman, 104 Ill. 365; Adams v. Inhabitants of Ipswich, 116 Mass. 570.

When the statute begins to run, it will continue to run until the bar is complete, unless there is some saving clause in the statute. People v. White, 11 Ill. 341; Shelburne v. Robinson, 3 Gilm. 597; Keil et al. v. Healey et al., 84 Ill. 104.

N. J. ALDRICH and SAMUEL J. LOMBARD, attorneys for appellee.

The action of assumpsit can be maintained to recover money paid on a judgment or decree reversed by the court of review. Richeson v. Ryan, 14 Ill. 74; Sturges v. Allis & Lee, 10 Wend. 354; Clark v. Pinney, 6 Cowen, 298; Maghee v. Kellogg, 24 Wend. 32.

The statute of limitations did not begin to run until every fact which was a necessary element of plaintiff's right of action existed. Rev. Statutes, Chap. 83, Sec. 15; 13 Am. & Eng. Enc. of Law, 721; Great Western Telegraph Co. v. Gray, 122 Ill. 630; Collins v. Thayer, 74 Ill. 138; Crocker v. Cements' Adm'r, 23 Ala. 296.

MR. PRESIDING JUSTICE CRABTREE DELIVERED THE OPINION OF THE COURT.

This was an action of assumpsit brought by appellee against appellant, to recover money paid by appellee upon a decree rendered against him in favor of appellant, and which decree was afterward reversed by this court, its action being affirmed by the Supreme Court. Simons v. Hawley, 53 Ill. App. 287; Hawley v. Simons, 157 Ill. 218.

The original decree was rendered June 13, 1888, in the Circuit Court of Kendall County, for the sum of $3,869.44, and to satisfy the same, certain lands of appellee were sold

on execution, from which there was realized, on December 20, 1888, the sum of $3,695.58, and the further sum of $282.62 on January 12, 1889, making in all the sum of $3,978.20, which appellant received under the decree.

On May 22, 1893, appellee sued out a writ of error to this court, with the result that the decree of the court below was reversed May 22, 1894.    Simons v. Hawley, *supra*.

On February 10, 1896, appellee commenced this suit to recover the money paid in satisfaction of the decree. Appellant interposed the statute of limitations as a defense to the action.    A jury was waived and the cause tried by the court, resulting in a finding and judgment in favor of appellee for the sum of $4,045.33, and the cause comes here by appeal.

Two points are relied upon for a reversal, viz.: first, that the original decree was only partially reversed, and second, that the claim was barred by the statute of limitations.

As to the first point we are of the opinion it is not well taken.    An examination of the decision seems to show that the original decree was reversed *in toto*.    The point appears to be substantially abandoned by counsel for appellant in the argument, and it is unnecessary to further discuss it.

As to the second contention, we think the statute of limitations can not be availed of as a defense in this case.    It is insisted that appellee was guilty of *laches* in suing out his writ of error, and that the statute of limitations commenced to run from the time when the money was paid or received under the decree and was not arrested by the suing out of the writ of error; that the appellee could not defer the running of the statute by his own *laches*, and that it commenced to run from the time when he could have perfected his cause of action, regardless of the time when he did in fact perfect it.

Numerous authorities are cited in support of these several propositions, none of which we consider of controlling force in this case.

Inasmuch as the statute gave appellee five years from the passing of the decree in which to sue out his writ of error

and he did so within that time, he can not be chargeable with *laches* or negligence in an action at law.

In our opinion the statute of limitations did not commence to run against the demand sued for in this case until appellee had the right to recover in a suit brought for that purpose. Certainly he could not have maintained any suit to recover money paid under a decree which still remained in full force, not in any manner vacated or set aside. Only when the decree was reversed did his cause of action "accrue," within the meaning of the limitation law.

We find no error in the action of the court upon the propositions of law submitted by the respective parties.

Those held on behalf of appellee were in harmony with the views herein above expressed, and in our opinion were proper expositions of the law applicable to the questions involved, while those submitted by appellant were not the law and were properly refused.

Finding no error in the record the judgment of the Circuit Court will be affirmed.