GEORGE A. MONTAG, Plaintiff in Error, *v.* JAMES J. LYNN *et al.,* Defendants in Error.

### ERROR TO ADAMS.

The clause of our ejectment law specifying the time for the appointment of commissioners to appraise lasting and valuable improvements, is directory and not imperative.

Where an appeal is taken to this court and the judgment is affirmed, it is sufficient if the motion is made for the appointment of commissioners, at the first term of the inferior court succeeding the affirmance.

IN April, 1860, George Adam Montag filed his bill of complaint in the Adams Circuit Court, on the equity side thereof, against James J. Lynn, Almeron Wheat, Isaac M. Grover, and James H. Hendrickson. The bill alleges that said Montag, about 12th March, 1853, in consideration of $600, purchased of

Archibald Williams and Charles B. Lawrence, the S. E. 25, 2 S., 8 W. of 4th principal meridian ; that he received from said Williams and Lawrence a written contract for the conveyance of said land to him on payment of said purchase money, and on 8th of February, 1856, having paid the purchase money, Williams and Lawrence, for said consideration and in consummation of said contract, at Montag's request, conveyed said premises to complainant, and to his wife, Dorothea E., and to Henry and George Ch. Montag ; said conveyance to complainant and his wife, Dorothea, for their joint lives, and to the survivor during his or her life, and after death of survivor, to Henry and George Ch. Montag, as tenants in common in fee. The land when purchased was broken and rough, and worth not more than the $600 which complainant paid for it.

The lasting and valuable improvements made by complainant and said Henry and George Ch. Montag, up to the 1st April, 1856, were worth at least $1,656, for which they have received no compensation.

Since said 1st of April, 1856, complainant and Henry and George Ch. Montag have made upon said premises lasting and valuable improvements, amounting to $770, for which complainant, with said Henry and George, have received no compensation.

Complainant has paid all taxes assessed on said land from 1853 to 1859 inclusive, amounting to $72.93.

Bill alleges, that on 1st of April, 1856, said James J. Lynn commenced an action of ejectment in said Adams Circuit Court against complainant for said premises, no notice being in said suit taken of the interest of said Dorothea, Henry and George Ch. Montag, although they were then and still are in possession of the land, claiming the same in their own rights respectively, according to the interest conveyed to each of them by said deed from Williams and Lawrence ; that complainant alone appeared, and filed a plea of not guilty.

The trial of said cause resulted in a judgment against complainant, that plaintiff recover possession in fee, and have a writ of possession for said premises. On same day complainant prayed for and perfected an appeal to Supreme Court, which he prosecuted in said court at January term, 1860. Said court, about 13th February, 1860, just as they were adjourning for the term, rendered judgment, affirming judgment of Circuit Court, but neither filed nor delivered any opinion in said cause, and have not yet filed any, (when bill was filed.) On 26th March, 1860, the first day of March term, 1860, of said Adams Circuit Court, complainant served notice in writing upon said Lynn's attorneys of record, Wheat & Grover, that he would move the

court to appoint commissioners to assess value of lasting and valuable improvements on said premises under statute of Illinois, and for order to stay writ of possession, on the ground, amongst other things, that said Lynn was a non-resident.

At said March term, 1860, the said court refused motion, would neither appoint commissioners nor stay writ of possession. Said motion was made at earliest moment possible after final determination of case by Supreme Court.

Complainant had no actual notice of said Lynn's title until suit was commenced on 1st April, 1856.

Said Lynn is not a resident of Illinois, is selling out and removing his effects out of the State, and he and his attorneys, Wheat & Grover, give out and threaten that he will dispossess complainant, who was defendant in said ejectment suit, and also said Dorothea E., Henry and George Ch. Montag, who were not defendants, by said writ of possession, and will not pay complainant, nor said Henry and George Ch. Montag, for their lasting and valuable improvements made by them, together with complainant, in good faith in said title, and which have enhanced the value of the land at least $2,500, all of which is in violation of the statute allowing complainant pay for said improvements, and of his equitable right to pay therefor under said statute, upon the basis thereof.

Owing to Lynn's non-residence, if he gets possession, complainant, and also said Henry and George Ch. Montag, will lose pay for such improvements, although the rights of said Henry and George Ch., and those of said Dorothea E., have not been litigated in said suit.

Bill makes Dorothea E., Henry, George Ch. Montag, James J. Lynn, and because of his (Lynn's) non-residence, Almeron Wheat and Isaac M. Grover, his attorneys, who threaten to sue out and use a writ of possession to dispossess complainant (together with Dorothea E., Henry and George Ch. Montag,) also James H. Hendrickson, sheriff of Adams county aforesaid, into whose hands said writ has or will come, defendants. Waives their answers being under oath, prays for process of subpœna, and also for an injunction against Lynn, Wheat, Grover and Hendrickson, restraining them until further order of court, from issuing, etc., or using, or executing, etc., any writ of possession in favor of Lynn for said premises, either against Dorothea E., Henry, George Ch. Montag, or complainant, etc.

That Lynn be enjoined from conveying or incumbering the premises until further order, lest benefit of decree for improvements would be lost. That cause be referred to master, to ascertain the value of said improvements, and a decree entered on the hearing, that Lynn, within some short time, pay to com-

plainant or to Dorothea E., or Henry or George Ch. Montag, or to such of them as shall be entitled to it, the value of all lasting and valuable improvements, adjusted on the basis and equitable provisions of the statute of this State providing for pay for such improvements by the owner of the paramount title, and also the said taxes, or in default, that execution issue against Lynn therefor. That Lynn be enjoined from selling, conveying, incumbering, etc., said premises until full payment of such decree, and that Lynn pay the costs of this suit, and for general relief.

On 12th June, 1860, defendants Wheat, Grover, Hendrickson and Lynn, filed their demurrer to said bill for want of equity ; and 16th June, 1860, at a term of said Adams Court then being held, the court, SIBLEY, Judge, sustained said demurrer, and dismissed said bill as to said Wheat, Grover, Hendrickson and Lynn.

Errors assigned : First. In sustaining demurrer to said bill. Second. In dismissing said bill as to said defendants in error, Wheat, Grover, Lynn and Hendrickson.

WILLIAMS, GRIMSHAW & WILLIAMS, for Plaintiff in Error.

WHEAT & GROVER, for Defendants in Error.

CATON, C. J. The claim for equitable relief in this bill, is founded upon the assumption that the Circuit Court properly refused to appoint commissioners to assess the value of complainant's improvements, under the 48th section of our ejectment law, when the motion was made for their appointment at the first term of the court after the judgment was affirmed by this court. This assumption we think is not correct. We think that the defendant in ejectment was in time to make the application for the appointment of commissioners at the time he made his motion. This is the part of the section of the law presenting the question : " The court who shall pronounce and give judgment of eviction, either in law or equity, shall at the time nominate seven fit persons, any five of whom shall have power, and it shall be their duty to go on the premises, and after viewing the same on oath or affirmation, to assess the value of all such lasting and valuable improvements, which shall have been made thereon prior to the receipt of such notice as aforesaid," etc. The question is, whether the time here specified for the appointment of commissioners is directory or imperative. We think from the nature of the case it was only designed to be directory, at least where the judgment is appealed to this court, as was the case here. The appeal suspended the operation of the judgment until the case should be decided by this court.

No proceedings could be lawfully had under the judgment. Had commissioners been appointed, it is very doubtful whether they could have proceeded in the discharge of the duties specified in the statute, until after the affirmance of the judgment by this court. It is not to be presumed that the legislature designed that the proceedings for the assessment of the value of the improvements should be going on, while the case was pending in this court, where the judgment was liable to be reversed. No benefit could accrue to either party to have the commissioners appointed at that time, rather than at the first term after the judgment was affirmed by this court. While we will not now say that the appointment would have been void if made at that time, we think the more appropriate time was after the affirmance of the judgment, and when the motion for their appointment was made, after due notice had been given to the opposite party. The party had an adequate remedy at law, by bringing to this court the decision of the Circuit Court, refusing to appoint the commissioners, and having it reversed, and then getting commissioners appointed, and having the value of improvements assessed according to law. The decree dismissing the bill must be affirmed.

*Decree affirmed.*