Isaac Underhill, Appellant, *v.* Alexander G. Kirkpatrick, Appellee.

APPEAL FROM PEORIA.

A default precludes a party from raising the question as to the validity of his indorsement of the note sued on.

If a summons issues against "Isaac Underhill" without any other addition or description, a return of service on "Isaac Underhill" will be good.

THIS was an action of assumpsit brought in Peoria Circuit Court to March term, A. D. 1860.

. Summons issued to sheriff of Peoria county.

Return on summons :

STATE OF ILLINOIS, } *ss.*
  PEORIA COUNTY.

I have duly served this summons by reading the same to Isaac Underhill, this 15th day of February, A. D. 1860.

JOHN BRYNER, <i>Sheriff.</i><br>
Per EASLY, <i>Deputy.</i>

Declaration avers, that payee, Wm. S. Moss, " ordered and assigned said note to be paid to Tobias S. Bradley," by his " signature" on the back of said note, and in same terms avers that Bradley assigned to plaintiff.

Copy of note shows signatures of Moss and of Bradley on back, and interest paid in February, 1859 ; Bradley's name is immediately under the acknowledgment· of payment of interest, and nowhere else on the note.

March 6, 1860, defendant was defaulted, and clerk assessed and judgment rendered for plaintiff below. Appeal prayed and allowed.

Bill of exceptions shows that the only evidence of indebtedness presented on which to form judgment, was the following note :

$1,000.                                   *Peoria, Ill., Feb.* 9, 1855.

Five years after date I promise to pay to Wm. S. Moss, or order, one thousand dollars, for value received, with interest at six per cent., payable annually from date.                              ISAAC UNDERHILL.

On back of note is the following: " Wm. S. Moss."

The defendant moved to set aside said assessment and open said judgment, because there was no evidence to warrant the clerk in making said assessment, and because the note was not that declared on. The court overruled the motion, and defendant excepted.

The appellant assigns for error : The court erred in rendering judgment by default, because there was no sufficient evidence of same ; in rendering judgment for more than the amount of said note and interest ; in not setting said assessment aside ; and in refusing to set aside said default.

McCoy & HARDING, for Appellant.

H. M. WEAD, for Appellee.

CATON, C. J. If the defendant was properly in court, then the default was properly taken, and the defendant is precluded

from raising the question whether the paper was properly indorsed, for that was admitted by the default.

We have no doubt the service was sufficient; the summons was to "Isaac Underhill," without any addition or description, and the service was upon "Isaac Underhill." The officer did precisely what he was commanded to do. He was not bound to say in his return, that he served it upon the same Isaac Underhill who signed the note sued on, for of that he probably knew nothing. It is not like the case where a summons is to a corporation, and the law requires the sheriff to serve it on an officer of the corporation. There he is bound to state in his return that the person on whom he made the service was such officer. But when the summons is to an individual by name, it is sufficient if the return shows that the service was on such individual.

The damages assessed were not too high.

The judgment is affirmed.

*Judgment affirmed.*