## Nicholas Roth

*v.*

## Bradner Smith.

| 54 | 431 |
| 23a | 186 |
| 54 | 431 |
| 131 | 305 |
| 54 | 431 |
| 38a | 643 |
| 54 | 431 |
| 171 | 318 |
| 54 | 431 |
| 181 | 328 |

1. EVIDENCE *of a deceased witness—in what manner it may be proven.* The testimony of a deceased witness at a former trial can not be shown by the bill of exceptions taken at that trial, but may be proved by any one who heard and could remember his evidence.

2. FALSE IMPRISONMENT — *evidence in mitigation of damages.* In an action to recover for the alleged illegal arrest and imprisonment of the plaintiff, during the late war of the rebellion, on the procurement of the defendant, on the charge of discouraging enlistments in the army, the arrest having been made by a federal officer on an affidavit of the defendant, it is competent for the defendant to prove that the plaintiff had, in fact, discouraged enlistments.

3. Such evidence was admissible, not in bar of the action, but in mitigation of damages, as it explained the circumstances of the arrest, and tended to show that the defendant, so far as he participated in it, was not actuated by malice.

4. MEASURE OF DAMAGES *in such case—whether compensatory only, or vindictive.* If, in such case, the arrest of the plaintiff was made on the procurement of the defendant, upon the affidavit of the latter charging the plaintiff with having discouraged enlistments, and the affidavit was not true, the jury should presume malice, and award heavy vindictive damages.

5. If, on the other hand, the affidavit was true, and the jury could see that the defendant, in making it, even though he voluntarily furnished it to the officer, and advised the arrest, acted without malice, and from proper motives, they should give only compensatory, not vindictive damages.

6. SAME—*of evidence in aggravation of damages—admissibility of evidence in rebuttal of that which was improperly admitted.* In such an action, it is

not competent for the plaintiff to prove, in aggravation of damages, that the defendant had charged him with cowardice on the field of battle; and though such evidence was offered, and admitted without objection, that would afford no sufficient reason for admitting evidence on behalf of the defendant that the charge of cowardice was true.

7. Where the plaintiff gives in evidence matters which present an issue wholly different from that the jury were impanelled to try, and the defendant is fearful of the effect of such objectionable testimony, he should move its exclusion, instead of endeavoring to counteract its influence upon the jury by the introduction of improper evidence on the same subject, and thereby place in peril a verdict in his favor by reason of the error thus committed at his instance.

8. INSTRUCTIONS. It is not error to refuse an instruction the substance of which is embodied in another instruction given.

9. An instruction, a portion of which is so obscure that it is difficult to tell what the entire instruction means, may, for that reason, be properly refused.

APPEAL from the Circuit Court of Jo Daviess county; the Hon. BENJAMIN R. SHELDON, Judge, presiding.

The opinion states the case.

Mr. M. Y. JOHNSON, for the appellant.

Mr. B. C. COOK, for the appellee.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action brought by Roth against Smith, for having procured the arrest and imprisonment of the plaintiff during the late war, on the charge of discouraging enlistments. The jury found for the defendant, and the plaintiff has appealed from the judgment rendered on the verdict.

The first point made in the brief of appellant's counsel is, that the court should have permitted to be read in evidence the testimony of a deceased witness at a former trial, as embodied in the bill of exceptions taken at that trial. In excluding this

testimony there was no error. What the deceased witness testified might have been proved by any one who heard and could remember his evidence, but the bill of exceptions was not admissible for that purpose. That is merely the official certificate of the judge who presided at the former trial, as to what the witness then testified, and though conclusive for the purpose for which it was made, to-wit: a review of that trial in an appellate court, it is not evidence for any other purpose. It may be that, on the former trial, the counsel and the court, in settling the bill of exceptions, considered the testimony of this witness unimportant, and stated it carelessly and incorrectly. The object, in drawing the bill, may have been to present the case for review in the supreme court, on questions not arising upon the evidence of this witness, and this circumstance would naturally prevent a careful statement of his testimony. The bill of exceptions has none of the safeguards that surround a deposition. It is not read or signed by the witness. It is not generally prepared at the trial, but subsequently, from the notes of counsel, and the certificate of the judge gives it no more authenticity, except for the purpose for which the law authorizes him to certify it, than would the certificate of the clerk. There is no necessity for admitting such evidence, in order to prevent a failure of justice. The testimony of the deceased witness can always be proven by some person present at the former trial and sufficiently interested in the case to remember it, and such person can be cross-examined, and thus the entire testimony be brought before the court, and the accuracy of the witness be tested—advantages for obtaining a fair and complete statement of the former testimony which would not exist if the bill of exceptions were admissible.

It is next urged, that the court erred in admitting evidence that plaintiff had, in fact, discouraged enlistments. This evidence was admissible, not in bar of the action, but in mitigation of damages, as it explained the circumstances of the alleged arrest, and tended to show that the defendant, so far as he participated in it, was not actuated by malice. The actual

arrest of the plaintiff was by a federal officer, and under federal authority, and the only connection the defendant could have had with it was in making the affidavit and furnishing the information of the facts charged against the plaintiff, and, possibly, advising the arrest to be made. Admitting that, on proof of these facts, the plaintiff would have been entitled to a verdict for some amount, he certainly would not have been entitled to nearly as large a sum in the way of damages, if the affidavit was true, as he should have received if it had been false. If the affidavit was not true, and if the arrest was by procurement of defendant, the jury should presume malice, and award heavy vindictive damages. If the affidavit in fact was true, and the jury could see that the defendant, in making it, even though he voluntarily furnished it to the marshal and advised the arrest of the plaintiff, was acting without malice and in the belief that the public good required the arrest of plaintiff, and that he could be legally arrested, and that, in causing his arrest, so far as the defendant could be said to cause it, he believed himself to be in the performance of his duty as a citizen, it would clearly, in such a case, be the duty of the jury to give only compensatory, and not vindictive damages.

But while the court did not err in admitting proof of the truth of the charge on which plaintiff was arrested, for the purpose of rebutting the presumption of malice, it did err in permitting proof, by four different witnesses, who were called for that purpose, that plaintiff behaved in a cowardly manner at the battle of Shiloh. It appears by the record, the plaintiff had proved the defendant had charged him with cowardice, and when the defendant offered the evidence in question, showing the truth of such charge, and the plaintiff objected, the court admitted the testimony, on the ground that plaintiff had proved the charge to have been made, and the defendant had a right to prove its truth, if the plaintiff relied upon it in aggravation of damages.

We do not consider the reason assigned by the court for admitting this evidence, a valid one. The evidence given by the plaintiff, as to the charge of cowardice, was itself inadmissible for the purpose of aggravating damages, and if it had been objected to, would probably have been ruled out. But its offer by plaintiff, and admission by the court without objection, did not entitle the defendant to make an issue before the jury as to the courage or cowardice of the plaintiff. If fearful of the effect of the plaintiff's objectionable testimony, he should have moved for its exclusion, instead of making an issue wholly different from that which the jury were impanelled to try. The testimony given by defendant, while wholly irrelevant to the actual merits of the case, was still of a character which would strongly tend to create, in the minds of the jury, a prejudice against the plaintiff, that may have unconsciously affected their judgment of the entire case. It is true, the jury have said, in substance, by their verdict, that the defendant did not participate in plaintiff's arrest, and it may be said their finding on this point could not have been influenced by the plaintiff's conduct on the field of Shiloh. But of that we can not be certain, while we are certain that this testimony, which was made prominent on the trial, was improperly admitted. The defendant must take the consequences of his own act in bringing illegal testimony before the court, and lose the benefit of his verdict.

The appellant complains that his fifth instruction was not given. Its substance was embodied in the first. He also complains that his sixth instruction was refused. Its last clause is so obscure that it is difficult to tell what the entire instruction means, and the court might very properly refuse it for that reason.

For the reason above stated, the judgment must be reversed and the cause remanded.

*Judgment reversed.*

Mr. Justice SHELDON took no part in the decision of this case, it having been tried before him on the circuit.