## JOHN A. ASHER
### v.
### JAMES MITCHELL.

9   335
145s 516

1. MORTGAGE—HOMESTEAD—ABANDONMENT.—Where the owner of real estate gave two mortgages, the first without release of homestead right, the second releasing such right, and afterwards abandoned his homestead, the first mortgage takes precedence, upon such abandonment of the homestead, over the subsequent mortgage.

2. PURCHASER PENDENTE LITE.—A purchaser *pendente lite* is bound by the decree in the proceedings pending at the time of purchase.

3. IMPROVEMENTS UPON MORTGAGED PREMISES.—Neither the mortgagor nor his grantees, as against the holder of a mortgage, can make claim for improvements placed upon the premises after the execution of the mortgage.

4. DAMAGES ON DISSOLUTION OF INJUNCTION—EVIDENCE.—In assessing damages upon the dissolution of an injunction, it is error to admit in evidence the certificate of another judge of the court, of the evidence heard before him on a former assessment of such damages. The object of such certificate is to preserve evidence for review in an appellate court, but it is not evidence for any other purpose.

ERROR to the Circuit Court of Jersey county; the Hon. JESSE J. PHILLIPS, Judge, presiding. Opinion filed October 6, 1881.

Messrs. WARREN & POGUE, for plaintiff in error; that a purchaser of land, having no notice of a prior judgment upon it, who holds possession with payment of taxes for seven years, holds it discharged of the judgment sale, cited Yoakum v. Harrison, 85 Ill. 202.

The doctrine of *lis pendens* loses its force where successive continuances occur and the rights of third parties intervene : Ehrman v. Kendrick, 1 Met. 146; Fox v. Reeder, 28 Ohio St. 181; Preston v. Tublin, 1 Vern. 286; Murray v. Ballou, 1 Johns. Ch. 566; Watson v. Wilson, 2 Dana, 407; Clarkson v. Morgan, 6 B. Mon. 446; 2 Sugden on Vendors, 535.

As to the right to recover for improvements placed upon the premises: Kraus v. Means, 12 Kan. 338; Graeme v. Cullen, 23 Gratt. 266; Cole v. Johnson, 53 Miss. 100; Dothage v. Stuart, 35 Mo. 255; Whitney v. Richardson, 31 Vt. 300; Steb-

bins v. Guthrie, 4 Kan. 366; Craton v. Wright, 16 Ia. 137; Saunders v. Wilson, 19 Tex. 194; Dorn v. Dunham, 24 Tex. 379; McConnell v. Holobush, 11 Ill. 61; Bradley v. Snyder, 14 Ill. 263; Miller v. Thomas, 14 Ill. 428; Ross v. Irving, 14 Ill. 171; Hart's Heirs v. Bagley, Hard. 597; Jones v. Jones, 4 Gill. 88; Montag v. Linn, 27 Ill. 328: Blair v. Chamberlain, 39 Ill. 521; Morgan v. Clayton, 61 Ill. 35; Smith v. Knoebel, 82 Ill. 392; North v. North, 84 Ill 442; Thomas v. Thomas, 16 B. Mon. 420; Whitney v. Richardson, 31 Vt. 306; Cawder v. Lewis, 1 Young & Coll, 433; Green v. Biddle, 1 Wheat. 77.

Upon the question of damages on dissolution of the injunction: Fisher v. Tribbey, 5 Bradwell 335; Steele v. Thatcher, 56 Ill. 257; Hedges v. Myers, 5 Bradwell 347; Alexander v. Colcord, 85 Ill. 328.

Mr. WM. M. JACKSON and Messrs. SNEDEKER & HAMILTON, for defendant in error; as to notice by recording of deed, cited Shannon v. Hall, 72 Ill. 354; Farrar v. Payne, 73 Ill. 82; Hall v. Shannon, 85 Ill. 473.

A purchaser *pendente lite* is bound by the decree, the same as parties to the suit: Jackson v. Warren, 32 Ill. 331; Dickson v. Todd, 43 Ill. 504.

BAKER, J. At the March term, 1881, of the Jersey Circuit Court, a second amended bill was filed by John A. Asher, complainant in that court and plaintiff in error here, which said bill it was stipulated upon the record should stand as a substitute for the original and amended bill theretofore filed herein. Afterwards a demurrer was sustained to said second amended bill, and it was dismissed and a decree entered against said Asher for costs. At the same time the court assessed the damages occasioned by an injunction (restraining the prosecution of a certain ejectment suit for the recovery of the lot and premises in controversy between the parties), which injunction had been allowed upon the filing of the original bill, and afterwards dissolved, and suggestions of damages filed. The court assessed the damages of James Mitchell, one of the defendants, at $500, and rendered judgment and awarded execution therefor against said Asher.

The bill of Asher shows he is the grantee of the purchaser of the lot at a mortgage sale under a second mortgage, and that Mitchell derives his title under a decree of foreclosure, sale and deed, based upon the prior mortgage in the same premises. Asher being in possession under his title, and having no actual notice of the senior mortgage, made certain valuable and lasting improvements upon the lot; and the object of his bill is to recover the value of such improvements and have the same decreed a lien in his favor on the premises, and to have the lot sold, in default of payment of such value, to pay the same. The demurrer was properly sustained and the bill properly dismissed. There are two considerations, either of which necessarily leads to this conclusion.

One Charles H. Roberts was the mortgagor in both mortgages, and Asher must stand in his shoes as respects the rights of those claiming under the first mortgage. When Roberts had given the first mortgage, and it had been duly recorded, he had nothing left for the subsequent mortgage to cover but the equity of redemption. The bill shows that Roberts abandoned his homestead in 1864, and that the equity of redemption has been cut off by the foreclosure suit and decree, and the sale and deed thereunder. The first mortgage, without release or waiver of the homestead right and exemption, took precedence, upon the abandonment of the homestead, over the subsequent mortgage with such waiver. Asher v. Mitchell, 92 Ill. 481, and authorities there cited. And it appears from the facts stated in the bill, that Asher purchased the lot *pendente lite*, and he is therefore bound by the decree in the foreclosure suit. Jackson v. Warren, 32 Ill. 331; Dickson v. Todd, 43 Ib. 504. As Roberts could not make claim as against the first mortgages, and those holding under them, for improvements put by him upon the lot after the execution of the mortgage, so, also, his subsequent grantees cannot make such claim. The second consideration is this :

The averment in the last amended bill is that complainant continued to hold the premises "until put out of possession thereof by a writ of possession issued in an ejectment suit, commenced by said James Mitchell against your orator in the

circuit court of Jersey county aforesaid, and said James Mitchell has ever since held the possession thereof, and now has the possession thereof under said writ." But, among the findings of the court below, in its final decree, is a finding that the ejectment suit, wherein the said Mitchell is plaintiff and said Asher is defendant, " is now pending in this court." Let this be as it may. Whether the ejectment suit is still pending and undetermined, or has been finally disposed of, we deem wholly immaterial so far as regards the maintenance of this bill. If the suit is still pending, then the defendant therein can, if it shall result in a final determination against him, move the law court for the appointment of commissioners to assess the value of lasting and valuable improvements, in case he deems himself entitled to recover therefor.

If the suit has already resulted in a final judgment against him for the recovery of the lot, then he has already had an opportunity to apply to the law court for compensation for his improvements, or possibly may still have; and if he has lost his opportunity to so apply he shows no reason for such failure, and it must be imputed to his own *laches.* In any event, he either has or had a fit time and place in the law court for the relief he here seeks, and there is or was an adequate remedy at law, and he has no standing in the chancery court. The case of Montag v. Lynn, 25 Ill. 169, is conclusive upon this point.

Upon the assessment of damages, Mitchell, defendant in error, offered in evidence the certificate of Judge Burr, of the evidence heard before him on the second day of April, 1879, on a hearing had at that time upon the assessment of damages caused by the same injunction, and probably based on the same suggestions. This certificate was admitted in evidence over the objections of plaintiff in error. We think this certificate of another judge of the testimony, submitted to him upon a former hearing of the same matter was not competent testimony, unless by agreement of parties, upon this subsequent trial. The object of the certificate was the preservation of the testimony heard on the former trial, for the purposes of a review of that trial in an appellate court, and for the purposes of such review it was conclusive evidence, but it was

not evidence for any other purpose.    Such certificate has not the safeguards that surround depositions.    Roth v. Smith, 54 Ill. 431; M. P. R. R. Co. v. Keep, 22 Ib. 9; 1 Greenl. 166.

It is assigned for error upon the record that the "circuit court erred in admitting improper evidence in behalf of defendants on the trial of the assessment of damages;" and we are of opinion this assignment is well made.    The decree of the circuit court dismissing complainant's bill, and against him for costs is affirmed.    The judgment of the court for $500 damages upon the suggestions is reversed.    A judgment will be entered here against Mitchell, defendant in error, for the costs of this court, as to the matter of the assessment of damages on the suggestions, the cause is remanded.

Affirmed in part; reversed and remanded in part.