City of Elgin v. Welch.

# City of Elgin
## v.
## Melissa W. Welch.

*Evidence—Bill of Exceptions in Former Trial—Municipal Corporations —Flooding Private Premises—Damages.*

1. A bill of exceptions is not admissible to show what the evidence of a witness was at a former trial. Such evidence must be shown by the testimony of sworn witnesses.

2. In an action against a municipal corporation to recover damages for flooding the plaintiff's premises, the damages assessed by the jury are held not to be excessive, but merely compensatory.

[Opinion filed May 27, 1887.]

Appeal from the Circuit Court of Kane County; the Hon. Isaac G. Wilson, Judge, presiding.

Messrs. Frank Crosby and F. W. Joslyn, for appellant.

Messrs. Botsford & Wayne, for appellee.

Baker, P. J. This is a case for wrongfully flooding the dwelling house and premises of appellee with surface water, caused, it is claimed, by the tortious act of the City of Elgin in making and permitting to be made, an obstruction to the natural flow of such surface water over the streets of the city, by which it was thrown back upon said house and premises. The suit has once before been in this court on appeal, and is reported in 16 Ill. App. 483. No objections are now made to the instructions of the court; and only two grounds are relied upon for a reversal of the present judgment. One of these is, that the Circuit Court refused to admit in evidence, for the purpose of contradicting and impeaching several of the witnesses for appellee, the bill of exceptions taken upon the former trial and purporting to contain their testimony as given at that trial. There was no error in this ruling and action

of the court. A bill of exceptions is evidence only for the purpose for which it is signed and sealed by the Judge, and its sole office is to afford opportunity for review in an appellate tribunal of the proceedings in the particular trial in or with reference to which it is made. It is not evidence to show in a pending trial what the evidence of a witness was at a former trial; such evidence must be shown by the testimony of sworn witnesses. Roth v. Smith, 54 Ill. 431; Stern v. People, 102 Ill. 540.

The damages assessed by the jury in this case, and for which the judgment of the court was rendered, are $375. Appellant insists, as its second ground urged for a reversal, that their assessment of damages is excessive and not warranted by the evidence.

We have carefully examined the testimony in the record, and are of opinion it justifies the assessment made, and that no more than compensatory damages were allowed by the verdict.

Finding no error, we affirm the judgment.

*Judgment affirmed.*