# The Illinois Central Railroad Company

*v.*

## Artemise Ashline, Admx.

*Opinion filed February 14, 1898.*

1. Pleading—*courts do not take judicial notice of city ordinances.* A city ordinance relied upon as material to an action or the defense to an action should be specially pleaded, as courts will not take judicial notice thereof.

2. Same—*ordinance need not be set out in hœc verba, but must be substantially pleaded.* While it is not necessary to set out an ordinance in *hœc verba*, yet those parts thereof relied upon in aid of or defense to an action should be substantially set forth, so the requirements thereof may be seen and shown.

3. Same—*when city ordinance is not sufficiently pleaded.* A declaration against a railroad company for the negligent killing of the plaintiff's intestate, which alleges that the defendant was running its train at a speed of over twenty miles an hour through the limits of a certain city, "in violation of an ordinance of said city in such case made and provided," is obnoxious to demurrer for insufficient pleading of the ordinance.

4. Evidence—*in absence of demurrer, an ordinance may be admitted though imperfectly pleaded.* Where an ordinance is pleaded, though in an imperfect manner, the court may admit it in evidence at the trial, in the absence of a demurrer to the declaration.

5. Same—*when provision of ordinance is admissible under averment of negligence.* A section of an ordinance requiring the continuous ringing of a locomotive bell within two hundred feet of street crossings is admissible under an averment in the declaration charging negligence in failing to ring such bell for eighty rods before reaching such crossings, where it appears that the crossings are so numerous as to make the ringing for two hundred feet and for eighty rods practically the same thing.

6. Same—*evidence that deceased was a man of careful habits is admissible when no one witnessed the accident.* In an action against a railroad company for causing the death of plaintiff's intestate at a street crossing, proof that the deceased was a man of careful habits may be admitted, where the evidence leaves it in doubt whether any person saw the deceased when he was struck by the train.

7. Same—*testimony of witness at former trial cannot be proved by bill of exceptions.* What a witness who is beyond the jurisdiction of the court and whose deposition cannot be procured testified to at a former trial between the same parties cannot be proved by a bill of

exceptions made up on the former trial, even though his testimony may have been taken in short-hand.

8. SAME—*witness may testify that train "was running fast," without indicating rate of speed.* The fact that a witness is not able to testify as to the rate at which a train was running does not prevent him from testifying whether it was running fast or slow, as the weight to be attached to his testimony is for the jury.

9. RAILROADS—*running train through city at speed prohibited by ordinance raises presumption of negligence.* Under section 24 of the act on the operation of railroads, (Rev. Stat. 1874, p. 811,) the running of a train through the limits of a city, town or village at a speed prohibited by ordinance, whereby an injury is occasioned, is not negligence of itself, but merely raises a presumption of negligence.

10. INSTRUCTIONS—*erroneous instruction, if not misleading, is harmless.* An erroneous instruction is harmless where the error is so slight that it could not have misled the jury.

11. TRIAL—*instruction to find for defendant must be refused if evidence tends to support declaration.* The court must refuse an instruction to find for the defendant where there is evidence tending to support the averments of the declaration.

PHILLIPS, C. J., dissenting.

*Illinois Central Railroad Co.* v. *Ashline,* 70 Ill. App. 613, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Kankakee county; the Hon. CHARLES R. STARR, Judge, presiding.

W. R. HUNTER, for appellant.

PADDOCK & COOPER, for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This was an action brought by Artemise Ashline, administratrix of the estate of Lawrence Ashline, deceased, against the Illinois Central Railroad Company, to recover damages for the death of said Lawrence, her husband, who was struck and killed by a train of cars of the defendant at a crossing, as is alleged, in the city of Kankakee, on September 4, 1892. On a trial before a jury the plaintiff recovered, and the damages were assessed at $3800. The defendant appealed to the Appellate Court,

where the judgment was affirmed, and for the purpose of reversing the judgment of the Appellate Court this appeal was taken.

On the trial the plaintiff offered in evidence an ordinance of the city of Kankakee prohibiting a passenger train from running at a greater speed within the incorporated limits of the city than ten miles an hour. The ordinance was objected to because it was not admissible under the pleadings. The declaration contains six counts, but no attempt was made to plead the ordinance in any of the counts except the third. In that count it is averred that while Ashline, with all due care and caution, was walking across said railroad track at the crossing upon a public street and highway, "the defendant then and there, by its servants so carelessly and improperly driving and managing the train, was carelessly and knowingly running said locomotive engine and train at a great speed within the incorporated limits of said city of Kankakee, to-wit, at a speed of twenty miles per hour and upwards, over and across said public street crossing, and in violation of the ordinance of said city in such case made and provided, (approved March 27, 1888, chap. 9, sec. 3,) said locomotive engine and train then and there ran and struck with great force and violence, when running at aforesaid speed in violation of said ordinance, and said Ashline was then and thereby killed."

Courts do not take judicial notice of an ordinance of an incorporated town or city, or a private statute or the statute of a foreign State, and hence, when they may be material in an action or in the defense of an action, they must be specially pleaded. Here the ordinance was pleaded, but it is said it was not sufficiently pleaded. We think counsel is correct in his position that the ordinance was not sufficiently set out in the declaration. The pleader was not required to set out the ordinance *in hœc verba*, but he was required at least to set out the substance of the ordinance. (*Louisville, New Albany and*

*Chicago Railway Co.* v. *Shires,* 108 Ill. 619.)   That part of the ordinance relied upon, or all the substantial parts of the ordinance, should be set out, so that the requirements of the ordinance may be seen and known.   But while we do not think the ordinance was sufficiently pleaded, we do not think appellant could take advantage of the defect in the pleading when the ordinance was offered in evidence.   If the declaration was bad, appellant might have reached the defect by demurrer; but this it did not do.   Having failed to demur, the objection to the declaration will be regarded as waived.   If no attempt whatever had been made to plead the ordinance, the objection to its admission in evidence would have been well taken; but when an ordinance is pleaded, although in a defective manner, the court, on the trial, may properly admit it in evidence.

It is also claimed that the court erred in permitting sections 1 and 5 of the ordinance to be read in evidence. As shown by the abstract, the only objection to the admission of the ordinance in evidence, made at the time it was offered, was that it was not admissible under the pleadings.   Section 1 of the ordinance requires railroads to lower or raise their tracks to conform to the grade established by the city council, so that the tracks may be conveniently crossed, and to construct and keep in repair at the intersections of streets suitable crossings. It may be true that there was no averment in the declaration under which this section of the ordinance was admissible, but we cannot conceive in what manner the defendant was injured by the admission of the ordinance in evidence, and if it produced no injury there is no just ground of complaint.   Paragraph 71 of chapter 114 of the statute (Hurd's Stat. 1897,) requires railroads to construct and maintain crossings at highways and streets, and the ordinance requires nothing more, and proof of a fact required by public law could not prejudice the defendant's rights before the jury.

Section 5 of the ordinance required the continuous ringing of the bell within two hundred feet of every crossing within the city limits. It is claimed that the ordinance is not admissible under the declaration, which averred that defendant negligently failed to ring the bell of the engine or sound the whistle for eighty rods before reaching said public highway. Upon an examination of the plat found in the record, it will be seen that owing to the number of street crossings, and the short distance intervening from one to the other, the continuous ringing for two hundred feet and the ringing for eighty rods, as averred in the declaration, practically amount to one and the same thing. We do not, therefore, think any substantial error was committed in admitting either section of the ordinance in evidence.

It is also claimed that the court erred in the admission of evidence that the deceased was a man of careful habits. It was held in *Chicago, Rock Island and Pacific Railway Co. v. Clark*, 108 Ill. 113, that such evidence was not admissible except in cases where no witness saw the accident. The evidence leaves the question in doubt whether any person saw the deceased when he was struck by the train, and when such is the case we are inclined to think the evidence admissible. But if the court erred in admitting the evidence we would not regard the error of sufficient magnitude to work a reversal of the judgment.

One witness testified that the train was running "fast," and it is claimed that the court erred in refusing to exclude the answer. The fact that a witness might not be able to testify how fast or how slow a train was running should not preclude him from testifying whether the train was running fast or slow. While such evidence would be competent, what weight should be attached to it would be for the jury.

Two of appellant's witnesses who had testified on a former trial, and whose evidence had been incorporated in a bill of exceptions, had gone out of the State and ap-

pellant was not able to procure their depositions. Appellant thereupon offered in evidence the bill of exceptions containing the testimony of the two witnesses on the former trial. The court refused to admit the offered evidence, and appellant excepted. What a deceased witness, or a witness beyond the jurisdiction of the court whose deposition cannot be procured, may have testified to on a former trial between the same parties may be proven by any person who may have heard and could remember the evidence, but a bill of exceptions is not admissible for that purpose. (*Roth* v. *Smith,* 54 Ill. 431; *Stern* v. *People,* 102 id. 540.) In the discussion of the question in the case first cited it is said (p. 433): "The bill of exceptions has none of the safeguards that surround a deposition. It is not read or signed by the witness. It is not generally prepared at the trial, but subsequently, from the notes of counsel. * * * There is no necessity for admitting such evidence in order to prevent a failure of justice. The testimony of the deceased witness can always be proven by some person present at the former trial, * * * and such person can be cross-examined, and thus the entire testimony be brought before the court."

It is said, however, that the facilities for taking and thus preserving the evidence of a witness are much better now, by resorting to short-hand reporters, than they were when the decision in *Roth* v. *Smith* was announced, and hence the rule ought not to be adhered to. It is perhaps true that a bill of exceptions before short-hand reporters were introduced was not as full as is the case at present; but, as a general rule, a bill of exceptions under the old practice contained a much more clear and concise statement of the evidence of a witness than will be found in a bill of exceptions at the present day, which contains all the questions, answers, objections, etc. We regard the rule heretofore adopted a good one, and we see no reason why it should be changed or modified.

A portion of the closing argument of appellee's attorney to the jury is set out in the abstract, and exception is taken to the argument. Upon looking into the record it will be found that each objection made by appellant's counsel to the argument was, at the time made, sustained by the court. There is therefore no ruling of the court adverse to appellant presented on this branch of the case for our consideration.

Objection is made to instruction No. 2, given for the plaintiff, which was as follows:

"The court instructs the jury, for the plaintiff, that if, from the evidence in this case, the jury believe that the defendant company was running its train more than ten miles an hour over Schuyler avenue crossing, and that said crossing is a public crossing within the city limits, such rate of speed would be negligence in and of itself."

Where an injury has been done to person or property in consequence of running a train in an incorporated city, town or village at a greater rate of speed than is permitted by any ordinance of such city, town or village, under paragraph 87 of chapter 114 of the statute (Hurd's Stat. 1897,) such injury must be presumed to have been inflicted by the negligence of the railroad company or its agents operating such train. The writer of the instruction no doubt supposed that it was authorized by the foregoing section of the statute. It is, however, manifest that the instruction goes somewhat further than the statute. Under the statute, negligence is presumed from a violation of its provisions, while under the instruction the running of trains at a rate of speed in violation of the ordinance is of itself negligence. We think the instruction was erroneous, but the error was so slight we do not think the jury could have been misled, and if they were not misled the error was harmless.

The third instruction given for plaintiff is complained of, but we see no substantial objection to it.

Objection is made to the fourth instruction, that it assumes that Ashline, the deceased, was on the line of the street when injured. An instruction ought not to assume any material fact in issue between the parties, but we do not understand that this instruction assumed any fact. It merely informed the jury that deceased had the right to cross Schuyler avenue on the line of the street.

Other instructions given for the plaintiff are criticised in the argument, but, without going over each objection and each one of the instructions, we deem it sufficient to say that, after a careful consideration of the different instructions, while some of them may contain technical inaccuracies, we do not think any of them are substantially bad.

Exception was taken to the ruling of the court in refusing the two following instructions:

"You are instructed, under the law the plaintiff has failed to sustain by evidence any count in the declaration, and you should find the defendant not guilty."

"You are further instructed, you are not to consider in this case, under any count in the declaration, whether or not said train in question exceeded the rate of speed permitted by said ordinance."

As to the first instruction, there was ample evidence tending to support the averments of the declaration, and when such is the case it is not the province of the court to take the case from the jury. The other instruction is disposed of by what we have heretofore said in disposing of the objection made to the introduction of the ordinance in evidence which limited the rate of speed of trains in the city of Kankakee.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*

Mr. CHIEF JUSTICE PHILLIPS, dissenting.