## Albert Beckman v. Henry Menge.

1. GIST OF THE ACTION—*Defined.*—The gist of an action is defined to be the cause for which the action will lie; the ground or foundation of a suit, without which it can not be maintainable; the essential ground or object of a suit, without which it is not a cause of action.

2. SAME—*Whether Malice Is—How Determined.*—Whether malice is the gist of the action must be determined by an inspection of the record.

3. MALICIOUS PROSECUTION—*Malice the Gist of the Action.*—In an action for malicious prosecution, averment and proof of malice are absolutely essential to the maintenance of the action. Without proof of malice there can be no recovery.

**Petition,** for a discharge under the " act concerning insolvent debtors." Trial in the County Court of Cook County; the Hon. ORIN N. CARTER, Judge, presiding. Order for discharge entered; appeal by respondent. Heard in this court at the March term, 1899. Reversed and remanded with directions. Opinion filed February 23, 1899. Rehearing denied April 13, 1899.

DENNIS & RIGBY and HARRY L. HANLEY, attorneys for appellant.

Malice was a necessary element of the action and judgment for malicious prosecution in the Superior Court. Harpham v. Whitney, 77 Ill. 32, 41, 42; Neufeld v. Rodeminski, 144 Ill. 83.

Malice defined. Bank v. Burkett, 101 Ill. 391; Harpham v. Whitney, 77 Ill. 32; Kitson v. Farwell, 132 Ill. 327; Neufeld v. Rodeminski, 144 Ill. 83; Mahler v. Sinsheimer, 20 Ill. App. 401.

The gist of the action comprehends whatever is indis-

pensable in law to a right of recovery. Gould, Pleading, 162, Ch. 4, Sec. 12; Bank v. Burkett, 101 Ill. 391; Kitson v. Farwell, 132 Ill. 327; Bac. Abr., Pleas, B. 1, Doct. Pl. 85.

The burden of showing that malice was not the gist of the action in the Superior Court, was on the petitioner (appellee). Mahler v. Sinsheimer, 20 Ill. App. 401, 405; Blattau v. Evans, 57 Ill. App. 311.

Malice was of the gist of the action in the Superior Court. Mahler v. Sinsheimer, 20 Ill. App. 401, 403, 404; In re Murphy, 109 Ill. 31; In re Mullin, 118 Ill. 551.

HARRISON D. PAUL, attorney for appellee, contended that the gist of the action is the one thing without which a recovery could not be had—not two things. Our early legislators, who passed the original insolvent act, understood English and used it grammatically; if they had wished to say " when malice is not of the gist of the action " that would have been the language of the law, instead of " when malice is not the gist of the action," as expressed in R. S., Chap. 72, Sec. 2.

MR. JUSTICE ADAMS delivered the opinion of the court.

Appellant sued appellee in case for malicious prosecution. The declaration contains two counts, in each of which it is alleged that the defendant (appellee) falsely, maliciously, and without any reasonable or probable cause, by complaint in writing and under oath, charged the plaintiff (appellant) with having obtained money by false pretenses, and falsely and maliciously caused plaintiff to be arrested and imprisoned, etc., and that the defendant did not further prosecute said complaint, but abandoned the same, and the plaintiff was acquitted and discharged, and said prosecution and complaint were wholly ended. The defendant having been duly served with summons, failed to appear, and was defaulted; a jury was called to assess the plaintiff's damages, and assessed the damages at the sum of $3,500. Judgment was entered on the verdict, and a *ca. sa.* was issued, on which the defendant was arrested, when appellee applied to

the County Court for his discharge under the provisions of the "Act concerning insolvent debtors," and the court, having heard the application, discharged him.

Counsel for plaintiff contend that the discharge was erroneous, because malice was the gist of the action, and by section 2 of the statute, release from arrest and imprisonment or execution against the body, is excluded in cases in which malice is the gist of the action. Whether malice is the gist of the action must be determined by inspection of the record. Forsyth v. Vehmeyer, 176 Ill. 359, 366.

The declaration avers malice and want of probable cause.

In Kitson v. Farwell et al., 132 Ill. 327, the court (p. 338) says : " The gist of an action is defined to be the cause for which an action will lie; the ground or foundation of a suit, and without which it would not be maintainable; the essential ground or object of a suit, without which it is not a cause of action."

It is unnecessary to cite authorities in support of the thoroughly established proposition, that in an action for malicious prosecution, averment and proof of malice are absolutely essential to the maintenance of the action. Without proof of malice there can be no recovery. In the present case malice was averred; it was a material averment, and the defendant's default admitted its truth. Underhill v. Kirkpatrick, 26 Ill. 84; Madison Co. v. Smith, 95 Ib. 328.

Even on the hypothesis that proof of the non-existence of malice was admissible on appellee's application to the County Court for release from arrest, appellee must fail, because the only evidence introduced by him, aside from the record in the common law case, was that he had no property in excess of that exempted by law except worthless accounts, which evidence did not, in the least, tend to disprove malice in causing the arrest of appellant. Appellee's counsel makes some objections to the bill of exceptions, but we can perceive no error in that regard. He also contends that the appeal should be to the Circuit Court and not to this court. It was held in Huntington v. Metzger, 51 Ill. App. 222, in a similar case, that the appeal was

properly taken to this court, and the same has been held at the present term, in the Matter of Christian Busse, General Number 7,951, unreported, also a similar case, in which the question is fully discussed.

The judgment of the County Court will be reversed and the cause remanded to that court, with direction to remand appellee to the custody of the sheriff.    Reversed and remanded, with direction.