## John Flynn, Appellee, v. Chicago City Railway Company, Appellant.

### Gen. No. 15,397.

1. VERDICTS—*when not disturbed.* A verdict will not be set aside on review as against the weight of the evidence unless clearly and manifestly so.

2. VERDICTS—*when not excessive.* A verdict of $5,000 rendered in an action on the case for personal injuries is not excessive where it appears that an injury resulted to the skull which necessitated the surgical removal of a portion thereof and the installing of an artificial protection to cover a part of the brain.

3. NEGLIGENCE—*when ordinance incompetent.* An ordinance not pleaded is not competent to establish a substantive charge of negligence.

4. EVIDENCE—*when latitude of cross-examination will not reverse.* The trial court is vested with a wide discretion with respect to the latitude to be allowed to the cross-examiner and unless an abuse of the exercise of that discretion is shown no reversal will be ordered.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in this court at the March term, 1909. Affirmed. Opinion filed November 10, 1910. Rehearing denied November 25, 1910.

**Statement by the Court.** This is an action on the case for personal injuries, the trial of which before the Superior Court and a jury resulted in a verdict of guilty and an assessment of damages at the sum of $5,000. Upon this verdict a judgment was entered after the overruling of defendant's motion for a new trial. This appeal is prosecuted with the purpose in view of having this court reverse the judgment. Defendant urges as error and argues that the plaintiff was guilty of contributory negligence and that the negligence is not proven; that the verdict and judgment are contrary to the probative force of the proof, and that the court' erred in its rulings on the evidence and in its instructions to the jury upon the law of the case, and that the damages are excessive. The cause went

to the jury on two counts of the declaration and a plea of not guilty. The negligence charged in the first count is that defendant so carelessly and negligently drove and managed the colliding car, that by and through such negligence, etc., the car ran and struck with great force and violence the wagon in which plaintiff was riding; and in the second count charges that defendant negligently drove its car to and upon the highway without ringing the bell or giving warning of any kind, and that by reason of such negligence the car ran and struck with great force and violence the said wagon, etc.; and that in consequence of such negligent acts of defendant plaintiff was thrown from the wagon and injured.

It is established by the evidence that the accident occurred at about six o'clock in the evening of February 11, 1906, which was more than an hour after sunset; that the colliding car was being propelled east upon Sixty-ninth street within a block west of Prairie avenue; that plaintiff was riding in an open buggy, drawn by a small horse, with two companions, one of whom, Cox, was handling the reins, and that the buggy with its occupants was proceeding in the car tracks going east and was overtaken and run into by the car without sufficient warning to give them an opportunity in the condition of the road on the south of the track and the near approach of another car coming from the east, for the buggy to be turned out of its path in time to permit of the colliding car to pass it and avoid the collision. Cox, who was driving, and the motorman in charge of the car, both died prior to the trial. George White (the third party in the buggy), and the plaintiff both testified that the buggy was being driven to the east in the car tracks, that the car was back of them, and at about the same time they saw a car proceeding west; that some one thereupon "hollered" from the sidewalk, "look out;" that the car struck the buggy with such violence that it was thrown "clear over the

Flynn v. Chicago City Ry. Co., 158 Ill. App. 405.

horse's back." The man who "hollered" "look out" was not produced as a witness. On the part of defendant, the conductor of the colliding car testified that the night was dark, that all the lights in the car were burning as also the headlight. His attention was first attracted by the application of the brakes; that he was at this time on the rear platform and looked east in the direction the car was travelling, and noticed a horse's head facing west; that he got off the car immediately after the accident and found three men lying in the street and a horse and buggy, the buggy being tipped over. There is some evidence tending to prove that White, Cox and plaintiff had been drinking in several saloons and that they were somewhat the worse for their imbibing. Much evidence was given regarding the condition of the roadway south of the eastbound track. It also appears that there was no lantern or other kind of light upon the buggy.

GEORGE W. MILLER, for appellant.

McGOORTY & POLLOCK, for appellee; ALFRED T. JOHNSON, of counsel.

MR. JUSTICE HOLDOM delivered the opinion of the court.

The controlling questions are largely of fact. The burden of solving the conflict in the evidence and of determining where the preponderance lies and of reconciling any apparent incongruity in the evidence was the province of the jury. There is sufficient evidence in the record to support the finding of the jury, and the trial judge having evidenced his concurrence in the verdict by overruling a motion for a new trial and entering judgment in accord with it, we are not permitted to set such judgment aside unless we can say from all the evidence that the verdict is contrary to its manifest weight. We are unable so to conclude after carefully reading and weighing the evidence in the record.

It does seem remarkable that the force of the impact between the car and the buggy resulted in hurling the buggy over the horse so as to practically change the relation of the animal and the vehicle from the positions they occupied immediately before the collision; but in the light of the verdict of the jury we are unable to say that such result was impossible of occurrence. White and the plaintiff so affirm, and the only witness who gives any positive evidence in contradiction is Carp, the conductor, whose point of vantage from which to see the occurrence was not as good as that of the occupants of the buggy; at least we so think and it is evident the jury so concluded. Furthermore, the roadway south of the track on which the car was running was in such a bad condition as to make it impracticable if not dangerous to attempt to drive a vehicle upon it. While there is no serious dispute as to the bad condition of this part of the street, there is some conflict in the evidence as to its being safe to drive upon. This dispute the jury solved in accord with the contention of plaintiff, and we think this fact had a material bearing upon them in their determination of the direction in which the buggy was being driven at the time of the collision. While it is true that plaintiff and his two companions were more or less under the influence of intoxicants, yet all the circumstances considered, it is hardly conceivable that the buggy was being driven to the west in the face of the east-bound car; but more in consonance with reason and sane action, as sworn to by plaintiff and White, that Cox, the driver, desiring to get out of the way of the car following the buggy, was looking for an opportunity, after the west-bound car should have passed, to turn out to the north; for in the situation of the buggy to turn and attempt to cross ahead of the west-bound car was fraught with apparently more danger than to continue in the path of the east-bound car. Moreover, the driver had a right to assume that the motorman would

do his duty and hold his car in such check that it would not strike the buggy in front of it. We do not, under the proofs in the record, find any justification for holding that Cox, who was driving, was guilty of negligence in not avoiding the collision aside from any question as to whether if he had been negligent, such negligence could, as matter of law, be attributable to plaintiff; consequently plaintiff not being chargeable with negligence, and the verdict being supported by the proofs, the judgment must be affirmed unless there are errors in the ruling of the court on the evidence or in its instructions to the jury, or the award of damages is excessive.

It is complained that the court erred in sustaining the objection of plaintiff's counsel to the admission in evidence of an ordinance of the city of Chicago requiring vehicles to carry a light after six o'clock in the evening until the break of day in the morning. The objection was rightfully sustained. Defendant did not plead the ordinance and it was therefore not admissible against objection. I. C. R. R. Co. v. Ashline, 171 Ill. 313.

We find no harmful rulings upon the admission of evidence and no infringement or curtailing of the rights of defendant in cross-examination. There was no abuse of the necessarily wide discretion vested by law in the trial judge in determining the scope and limitation of cross-examination. C. R. I. & P. Ry. Co. v. Rathburn, 190 *ibid.* 572; Birmingham Fire Ins. Co. v. Pulver, 126 *ibid.* 329.

We see no impropriety in allowing the operating surgeon to testify that if the flow of blood from the rupture of an artery in plaintiff's head had not been arrested he would have died. It cannot be fairly said to have affected the assessment of damages, for the plaintiff did not die, but survived his injuries, and the suit is for compensation for such injuries. It was not

error to admit any evidence which tended to establish the nature of such injuries, whether serious or not.

A careful examination of all the instructions given to the jury convinces us that the jury were sufficiently and accurately instructed as to every essential feature of the law of the case applicable to the fact in evidence to enable the jury to correctly apply the law to the facts in arriving at a verdict. No material right of defendant was affected to its detriment in the refusal of instructions tendered or in the modification of one given.

The damages are not excessive in our judgment. The jury we think acted with great moderation in their assessment. Plaintiff's injuries are severe and permanent in character as well as painful. We cannot, notwithstanding learned medical expert testimony to the contrary, belive that an injury to the skull necessitating the surgical removal of a portion of it and the installing of an artificial protection to cover a part of the brain, is anything but an injury of the most serious character, rendering the life of the victim, as the evidence in this record substantiates, one of nervous fear and discomfort.

The cause has been fairly tried and the legal rights of the defendant amply protected. The judgment of the Superior Court does justice between the parties and is therefore affirmed.

*Affirmed.*