In re Petition of Orlando Rex, arrested at suit of W. L. Parker.

Orlando Rex, Appellant, v. People of the State of Illinois, Appellee.

Gen. No. 16,047.

1. MUNICIPAL COURT—*character of court.* The Municipal Court of Chicago is a court of record.

2. MUNICIPAL COURT—*how determined whether malice is gist of action.* Whether malice is of the gist of an action which has resulted in the judgment of the Municipal Court, is to be determined from an examination of the record and particularly from the statement of claim filed in such action.

Appeal from the County Court of Cook county; the Hon. LEWIS RINAKER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed. Opinion filed January 16, 1912.

EDMUND P. KELLY, for appellant.

STEIN, MAYER & STEIN, for appellee.

MR. JUSTICE CLARK delivered the opinion of the court.

Orlando Rex, the appellant, filed his petition in the County Court of Cook county, under chapter 72 of the Revised Statutes of Illinois, known as the Insolvent Debtors Act, seeking to be released from jail, wherein he had theretofore been incarcerated under a *capias ad satisfaciendum* issued upon a judgment entered in favor of W. L. Parker in the Municipal Court of Chicago.

The statement of claim filed in that case sets forth that the appellant obtained from Parker $500 from the sale to him of twenty shares of the capital stock of the Rex Chemical Company, a corporation, and that the

appellant had represented to Parker that the net assets of the company amounted to $12,500; that in point of fact the company had "no assets of any value of any amount." It further sets forth that the representation so made by said appellant Rex was false and untrue at the time it was made, and known to be so by the appellant.

The verdict of the jury in the Municipal Court was:

"We the jury find the defendant guilty and that the defendant, with the intent to cheat and defraud the plaintiff, wrongfully and maliciously obtained and converted to his own use the property of the said plaintiff, to-wit: the sum of five hundred dollars lawful money of the United States of America, and assess the plaintiff's damages at the sum of five hundred dollars in trover."

The petition so filed in the County Court for the release of appellant was denied and the appellant was remanded into the custody of the sheriff.

The points relied upon for reversal are, that the County Court erred in finding that malice was and is the gist of the action in the suit in the Municipal Court; that it erred in its construction of the record of that court; and that it erred in refusing to admit and consider proper and competent evidence offered by the appellant.

As we understand the argument of the appellant, it is that because the case was what is known as a fourth class case in the Municipal Court—in which class of cases written pleadings are not required—the same rule will govern as would control in a similar case heard by a justice of the peace. The case of Edgerton v. C. R. I. & P. Ry. Co., 240 Ill. 311, is cited as controlling upon us in that respect. In that case the question was whether the action was on contract or in tort, and the court held that it being a case of the fourth class in the Municipal Court, and pleadings not being required, the same rule will govern as controls

the form of action before justices of the peace; that while the suit was against several and the judgment taken against one only, the judgment might be upheld as an action of tort, although the action in tort appears to have been made in form as if it were an action on contract. In our opinion this case is not authority for the proposition that the Municipal Court of the City of Chicago is not a court of record as to all classes of cases. In Gorra v. Sobra, 151 Ill. App. 288, it was held that "the Municipal Court is a court of record, and its jurisdiction as defined by statute is far from making it 'a court of like jurisdiction' with a justice court. This is too plain for argument." It also has been frequently held by this court, as well as by the Supreme Court of the state, that where malice is the gist of the action the court must look to the record only. Beckman v. Menge, 82 Ill. App. 228; Masterson v. Furman, 89 Ill. App. 291; Forsyth v. Vehmeyer, 176 Ill. 359. The statement of claim filed in the Municipal Court clearly shows that fraud is the gist of the action. This is also shown by the verdict of the jury, heretofore set forth.

The appellant sought to prove what the testimony was in the Municipal Court by offering in evidence a bill of exceptions filed in the case in that court. The County Court allowed the bill of exceptions to be filed, but from the record it would appear that it was disregarded in the decision of the case. In the case of Illinois Central R. R. Co. v. Ashline, 171 Ill. 313, it was held that a bill of exceptions is not admissible for the purpose of proving what is testified to on a former trial between the same parties, reaffirming the rule laid down in Roth v. Smith, 54 Ill. 431, and Stern v. People, 102 id. 540. The substance of the testimony contained in the bill of exceptions is not set out in the abstract filed in this court. We have, however, examined the testimony as shown by the bill of exceptions as it is contained in the record, and are of the

opinion that it sustains the verdict of the jury in the Municipal Court and the judgment of the court entered upon that verdict. It is corroborative also of the statement of claim and the verdict of the jury in the establishment of the fact that malice, in a legal sense, was the gist of the action.

We think no injury has been done the appellant, and the judgment of the County Court is affirmed.

*Judgment affirmed.*